# Richmond

## RAY H. SNIDER v. NEW RIVER INSURANCE & REALTY CORPORATION.

April 26, 1948.

Record No. 3325.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley, Staples and Miller, JJ.

The opinion states the case.

*W. B. Snidow,* for the plaintiff in error.

*J. Livingstone Dillow* and *A. M. Harman, Jr.,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

New River Insurance & Realty Corporation, a real-estate broker, filed a suit against Ray H. Snider to recover the sum of $500 for commissions, claimed to be due under the terms of a written contract, for effecting a sale of certain real estate owned by the defendant, Snider, in the town of Pearisburg, Virginia. The trial below resulted in a verdict and judgment in favor of the plaintiff broker for the amount claimed and the matter is before us on a writ of error granted the defendant property owner.

The principal contention, and the only one which we need consider, is that the evidence is insufficient to sustain

the verdict and judgment complained of. For convenience we shall refer to the parties as they appeared in the court below.

The contract between the owner and the broker reads thus:

"In consideration of the services of New River Insurance & Realty Corp., hereinafter called the Agent, to be rendered, I hereby list with said agent, exclusively and irrevocably, until the 29 day of December, 1946, at six o'clock P. M., the following described property, situate in the Mt. View Addition, of Pearisburg, in the State of Virginia, to wit:

"4 Room Dwelling on West Side Giles St., Lot #3, and I hereby give and grant said agent the exclusive and irrevocable right to sell the same within said time for Five thousand & 00/100 Dollars, on the following terms, to wit: Cash. Or on any other terms to which I may agree, and also to accept a deposit on account of the purchase price thereof.

"I agree to pay said agent as commission ——— per cent. of the selling price in cash.

"In the event a sale is made, I hereby agree to convey said property to the purchaser, free from all encumbrances, unless otherwise mentioned herein, with a good and sufficient General Warranty Deed.

"In the event a sale is made within thirty days after the time limit above mentioned has expired, to purchaser or purchasers with whom said agent negotiated during the life of this agreement, and said agent notifies me personally, or in writing of such negotiation, within five days after the expiration of the time limit herein mentioned, I agree to pay the said agent the commission herein above provided.

"In case a deposit is forfeited, the same shall go to the said agent as commission, provided, however, that the same shall not exceed the amount of the above named commission, and in the event the same does exceed the above named commission, the said agent shall be entitled to his full commission, and the balance shall be paid over to me.

"In consideration of the above listing the said agent hereby agrees to use due diligence in securing a purchaser for the said property.

"Witness the following signatures and seals, this 29 day of November, 1946.

"RAY H. SNIDER    (Seal)"

The evidence on behalf of the plaintiff broker tended to show that on December 28, 1946, it entered into a verbal contract with George Link whereby the latter agreed to purchase the property at $5,500 cash; that Link had filed an application with a local bank for a loan of $5,500, to be secured by a deed of trust on the property; that the bank had approved the loan; that Link intended to use the proceeds of this loan to pay for the property; and that he was desirous of consummating the transaction.

Link, the proposed purchaser, executed no written offer or contract binding him to purchase the property, nor did he tender or pay to the broker, or to Snider, the purchase price or any portion thereof.

On December 31, 1946, or on the day following, a representative of the broker notified Snider by telephone, at the latter's residence in Craig county, that the property had been "sold" in this manner to Link for $5,500 cash, and demanded a deed from Snider to the purchaser. Snider replied that after the expiration, on December 29, of the exclusive listing period which he had given to the broker, he (Snider) had agreed to sell the property to another party. Hence, Snider declined to consummate the sale to Link.

As indicated by the instructions granted and refused, the trial court took the view that under the terms of the contract between the property owner and the broker, if the latter, within thirty days of the date of the contract, procured a purchaser who was ready, willing and able to buy the property at the sum of $5,000 (*sic*), and that Snider refused to consummate the transaction and sold the property to another, then the broker had earned and was en-

titled to recover the commission sued for. In our opinion this view is erroneous.

As we said in *Richeson* v. *Wilson, ante,* p. 536, 47 S. E. (2d) 393: "Ordinarily, the undertaking of a real-estate broker is to procure a purchaser ready, willing and able to buy the property at the terms stipulated by the owner. When the broker does this he has earned his commission. In case of such an undertaking, unless his agreement with the owner so provides, the broker is not required to procure a written contract signed by the purchaser as a condition precedent to his right to recover commissions (*Low Moor Iron Co.* v. *Jackson,* 117 Va. 76, 81, 82, 84 S. E. 100), nor does his right to compensation depend upon a consummation of the sale (*Massie* v. *Firmstone,* 134 Va. 450, 455, 114 S. E. 652)."

But it has long been settled in this State that a broker employed to *sell,* as distinguished from a broker employed to *find a purchaser* ready, willing and able to buy, is not entitled to compensation until he effects a sale or procures from his customer a valid and enforceable contract of sale. The procurement of a verbal offer or agreement to purchase is not sufficient.

In *Smith* v. *Tate,* 82 Va. 657, the owner and the broker entered into a written contract whereby the broker was employed to "sell" a tract of land upon certain specified terms. Under the further terms of employment it was specified that if the broker "sells said property, or any part of it," he was to receive a specified commission on the purchase price. It was held that the broker was not entitled to compensation upon a showing that he had entered into a verbal contract of sale with the prospective purchaser upon the terms specified. See also, *Crockett* v. *Grayson,* 98 Va. 354, 357, 36 S. E. 477; *Vaughan* v. *Pleasonton,* 112 Va. 508, 513, 71 S. E. 529; *Massie* v. *Firmstone,* 134 Va. 450, 114 S. E. 652.*

*See also, 2 Mechem on Agency, 2d Ed., section 2428, p. 1997; 12 C. J. S., Brokers, section 89, p. 204, note 54, and cases there cited; *Pfanz* v. *Humburg,* 82 Ohio St. 1, 91 N. E. 863, 864, 865, 29 L. R. A. (N. S.) 533; *Weida* v. *Bacon,* 102 Fla. 628, 138 So. 32, 33; *Damers* v. *Trident Fisheries Co.,* 119 Me. 343, 111 A. 418, 420, 421; *Lewis* v. *Dahl,* 108 Utah 486, 161 P. (2d) 362, 365, 366, 160 A. L. R. 1040.

Under the express terms of the contract in the case before us the owner gave the broker the exclusive and irrevocable right "to sell" the property within the listing period of thirty days at the stipulated price of $5,000 cash. The owner bound himself to pay to the broker "as commission ———— per cent. of the selling price."

There was a further provision for the payment of the commission "In the event a sale is made," within thirty days after the expiration of the listing period, to a purchaser with whom the broker had "negotiated during the life" of the agreement.

It was further stipulated that, "In the event a sale is made" the owner would convey the property to the purchaser by "a good and sufficient general warranty deed."

Thus the undertaking of the broker was to sell the property within the listing period at the stipulated price and upon the specified terms, and not merely to procure within that time a purchaser who was ready, willing and able to buy at that price and upon those terms.

Since the undisputed evidence is that the broker has not performed its undertaking, it is not entitled to recover the commission claimed.

The argument is made that the defendant, Snider, is precluded by Rule 22 of this court from relying upon the defense that the broker procured from the prospective purchaser a mere verbal contract to buy the property, because, it says, the point was not made in the court below that such a contract was unenforceable under the statute of frauds.

This contention misses the point. The defendant is not here raising the question of the statute of frauds. He is relying upon the defense that the evidence of the plaintiff broker is fatally insufficient in that it fails to show that the broker had effected a sale of the property by procuring a written enforceable contract signed by the prospective purchaser. As we have said, the procurement of such a contract was the very essence of the broker's undertaking, and the defendant indicated throughout the trial below that he

was relying upon the defense that the broker had not accomplished this.

Having arrived at the conclusion that the plaintiff broker is entitled to recover nothing of the defendant, we do not reach the other questions discussed in the briefs.

The judgment complained of is reversed and a final judgment is here entered in favor of the defendant below.

*Reversed and final judgment.*