# Richmond

## W. S. WASHINGTON AND EPPA D. KANE, CO-PARTNERS, ETC.
## v. JOHN F. GARRETT, ET AL.

March 7, 1949.

Record No. 3430.

Present, All the Justices.

The opinion states the case.

*John Barton Phillips*, for the plaintiffs in error.

*Frank L. Ball, Howard W. Smith, Jr.*, and *Charles Henry Smith*, for the defendants in error.

GREGORY, J., delivered the opinion of the court.

The petitioners, who are partners, were doing a general real estate business in the City of Alexandria. They brought

an action, by notice of motion for judgment, against John F. Garrett and John Hill Carter, for real estate commissions amounting to $1,000. A demurrer was interposed to the notice of motion and sustained by the trial court. The notice of motion was then amended and later another demurrer was interposed, also sustained, and the case dismissed.

From the allegations in the notices it appears that the defendant, Garrett, listed his real estate with the petitioners for sale at a price of $23,000, net. The listing was made on February 26, 1947, and in accordance therewith the petitioners showed the property to their prospective purchaser, Oliver Perry, on April 3, 1947. They induced him to agree to purchase the property and advised him how he could properly finance the purchase. He promised to go to their office on April 4, 1947, and sign a contract. This alone remained to be done. He did not appear at the agreed time. Thereupon, Garrett being out of the city, the petitioners addressed a letter to him and delivered it to his secretary. In this letter Garrett was advised that the property had been shown to Perry; that he was interested in its purchase, and that he was their customer. The secretary advised the petitioners that Garrett would return at eight o'clock that evening and that she would notify him regarding the letter immediately upon his return.

Around eight o'clock on the same evening Carter, the other defendant, who is also a real estate agent, went to the home of Garrett and obtained from him a listing of the property, and in a short time thereafter he reappeared at the home of Garrett with a contract signed by Perry for the agreed purchase price. Carter had never shown the property to Perry and had not performed any other services whatever tending to bring about the sale. When Carter presented the contract to Garrett the latter informed Carter that Perry was a customer of the petitioners, whereupon Carter replied that he would work out the matter of commissions with the petitioners. Both Carter and Garrett knew at the time that all of the services performed in connection with making the sale had been performed by the peti-

tioners. At the time of the acceptance of the contract by Garrett he entered into an independent contract with Carter providing for Carter's commissions and paid him $1,000 thereunder.

The sole question for our determination is whether the allegations of the notice and amended notice stated a cause of action when tested by the demurrers.

A case was alleged by the petitioners in which they procured the purchaser and performed all that was necessary of them, and that Carter performed no service which entitled him to any commissions.

According to the allegations, this is not a case of two brokers competing in making a sale of real estate. Here the petitioners had done all they were required to do—they had produced a purchaser ready, willing and able to purchase on the terms of the listing. In the absence of a stipulation in the broker's contract that he must also procure from the purchaser a valid, written contract of sale, or that the sale must be consummated before commissions are earned, it is not necessary to a complete performance of his duties that he produce such a written contract. *Richeson* v. *Wilson*, 187 Va. 536, 47 S. E. (2d) 393; *Duncan* v. *Barbour*, 188 Va. 53, 49 S. E. (2d) 260; *Snider* v. *New River Ins., etc., Corp.*, 187 Va. 548, 47 S. E. (2d) 398, and 8 Am. Jur., Brokers, section 173. Under such a broker's contract he earns his commissions when he has procured a purchaser ready, willing and able to perform in accordance with the terms of the listing.

The case of *Cannon* v. *Bates*, 115 Va. 711, 80 S. E. 581, is relied upon by the appellees. That case is distinguishable from the one at bar. There the case was tried upon its merits. Here the case was tried upon the pleadings. There it was held that, where two or more brokers are authorized to make a sale of land but are *ignorant* of each other's employment, the broker who was the procuring cause of the sale is entitled to the commissions. In the case at bar Carter, the other broker, was *not* ignorant of the efforts that were being made by the petitioners to make the sale.

Carter knew of those efforts because Garrett, the owner, had told him. On the other hand, the petitioners were ignorant of the employment of Carter and, according to their allegations, they were entitled to commissions before Carter entered the picture, for prior to that time they had found a purchaser for the property. This was all that they were required to do in order to earn their commissions.

From the pleadings it is not disclosed that there was any agreement that the broker had to procure a written contract of sale from the purchaser or that the broker had to consummate the sale. It is true the petitioners had no exclusive listing. The owner had the right to list with other agents. But here the owner knew that Perry was a customer produced by the petitioners and not by Carter. He knew that Carter had not tried to sell the property to Perry but that the petitioners had. He knew this before he accepted the contract and paid the commissions. The utmost good faith should be exercised by the parties in transactions of this kind.

The effect of the demurrers to the notices was to admit as true all allegations of material facts, which were sufficiently pleaded. Burks' Pleading and Practice, (3d ed.), p. 323.

By Code of 1942, section 6118 (Michie), it is, in part, provided: "On a demurrer * * * the court shall not regard any defect or imperfection in the declaration or other pleading, whether it has been heretofore deemed mispleading or insufficient pleading or not, unless there be omitted something so essential to the action or defense, that judgment, according to law and the very right of the cause, cannot be given. * * * "

We said in *Griffin* v. *Griffin*, 183 Va. 443, 32 S. E. (2d) 700, that the purpose of this section and section 6104 is that demurrers challenging pleadings on grounds that are not substantial or material, and which do not go to the very merits of a cause, are no longer allowed. And in *Farmer, Inc.* v. *Cimino*, 185 Va. 965, 41 S. E. (2d) 1, we held that it is the defendant's right and duty to call for a bill of

particulars if the notice of motion does not sufficiently particularize the cause of action.

What has been said has been directed solely to the allegations in the notices, no proof having been taken. The allegations of the notices appear to be substantially sufficient, and if there are details required, a bill of particulars may be requested.

The judgment of the trial court is reversed and the case is remanded for a trial upon the merits.

*Reversed and remanded.*