CAROL THOMPSON MILLS

V.

JON RAFFERTY MILLS

Record No. 830849

September 5, 1986

Present: All the Justices

*Jack G. McKay (Bradley R. Coury; James V. Irving,* on brief),
for appellant.
*Stefan C. Long* for appellee.

STEPHENSON, J., delivered the opinion of the Court.

The sole issue in this appeal is whether the trial court erred in refusing to grant a continuance.

In June 1982, Jon Rafferty Mills instituted divorce proceedings against Carol Thompson Mills, and on November 1, 1982, the parties executed a property settlement agreement. Subsequently, at a hearing before a commissioner in chancery, Carol claimed she was mentally incompetent when she executed the agreement and should not be bound by it. The trial court scheduled a hearing for February 10, 1983, to determine the validity of the agreement.

Until 8:00 p.m. on the evening before the hearing, Carol's attorney attempted unsuccessfully to settle the property settlement dispute. Apparently, a conflict arose between Carol and her attorney regarding the conduct of the litigation and Carol's desire to advance a position the attorney considered untenable.

On the morning of the hearing, Carol's attorney, citing the conflict with Carol, requested permission to withdraw as counsel. The attorney stated that "ethical reasons" and her client's wishes would prevent her from continuing to represent Carol adequately.

The trial court rejected the attorney's request to withdraw voluntarily and questioned Carol regarding her desire to dismiss her attorney from further representation. Carol indicated to the court that she would like to secure new counsel if the case could be continued for that purpose. In response, the court stated:

> Ma'am, you didn't understand what I said. I said that if you wish to represent yourself here today, you may do that before the Court. If you do not wish to represent yourself and you wish [present counsel] to continue representing you, the Court will allow that to happen. If you have another lawyer that is outside or willing to come here later on today and try this case, fine. But, I'm not going to continue the case because some dispute has arisen in the last several months between you and [your attorney]. It's a little bit late for that now.

Thereupon, Carol consented to the withdrawal of her attorney. The court advised Carol that it was her responsibility "to secure [her] own counsel between now and [two o'clock] and [to] get any witnesses" she desired by that time.

When Carol returned to court at two o'clock, she stated:

> Your Honor, I do not have an attorney with me. I spoke to one law firm that told me that they could not appear on such short notice on such a complex matter; that without adequate preparation, it would be an embarrassment to themselves and to the Court. And in addition to which it would be highly unethical to represent a client with such poor preparation. For the record, I once more would like to ask for a continuance of thirty days.

The trial court again denied Carol's motion for a continuance and proceeded to hear the merits of the case. At the conclusion of the evidence, the court ruled that Carol was competent at the time she executed the agreement and, accordingly, held that the agreement was valid. Consequently, the court incorporated the agreement into its final decree of divorce.

▇ A motion for a continuance is addressed to the sound discretion of the trial court in view of all the circumstances of the case. A trial court's ruling on a motion for a continuance will be reversed on appeal only if it is plainly erroneous and upon a showing of abuse of discretion and resulting prejudice to the movant. *Autry* v. *Bryan*, 224 Va. 451, 454, 297 S.E.2d 690, 692 (1982).

▇ When a trial court's refusal to grant a continuance "seriously imperil[s] the just determination of the cause," the judgment will be reversed. *Myers and Axtell, Receivers* v. *Trice*, 86 Va. 835, 842, 11 S.E. 428, 430 (1890). Reversal is especially warranted when nothing in the case indicates that the movant's purpose for the motion is to delay or evade trial. *Id.* at 838, 11 S.E. at 429.

Nothing in the record in the present case suggests that Carol's purpose in requesting a continuance was to delay or evade her trial. She had little or no advance notice that she would be without counsel at the time of trial. As a result, Carol was forced into the trial of a complex matter without the assistance of counsel. Under these circumstances, we conclude that the trial court abused its discretion and that Carol was prejudiced thereby.

Accordingly, we will reverse the decree of the trial court and remand the cause for further proceedings consistent with this opinion.

*Reversed and remanded.*