OWENS-ILLINOIS, INC.

V.

THOMAS BAKER REAL ESTATE, LTD.
T/A BAKER REAL ESTATE

Record No. 870240

April 21, 199

Present: All the Justices

*Robert T. Wandrei (R. Louis Harrison, Jr.; Radford & Wandrei*, on briefs), for appellant.
*W. T. Robey, III (Robey & Irvine*, on brief), for appellee.

LACY, J., delivered the opinion of the Court.

Thomas Baker Real Estate, Ltd. (Baker) and Owens-Illinois, Inc., entered into a real estate brokerage contract on March 15, 1986. The non-exclusive listing agreement, drafted by Baker, entitled him to a commission if he produced a buyer for an Owens-Illinois mill in Buena Vista. On April 7, 1986, Baker notified Owens-Illinois that he had a buyer who also was considering purchasing the mill's inventory. The following day, April 8, the buyer told Baker he would purchase the mill at the stated price.

The same day a potential buyer from North Carolina contacted Owens-Illinois. The following day, April 9, an Owens-Illinois representative met with the North Carolina buyer and a letter of intent was signed on April 10.

Owens-Illinois advised Baker, by telephone, on April 10 that it was negotiating the sale with the North Carolina buyer. When Baker objected, stating that his buyer was committed, Owens-Illinois replied that it could negotiate with only one buyer at a time. Although the negotiations continued between Owens-Illinois and the North Carolina buyer for six more weeks, the sale never was consummated. Owens-Illinois then contacted Baker, advising him that it was ready to accept any offer that he might be able to produce under the listing agreement. Baker's buyer, however, no longer was interested in the property.

Baker then filed a motion for judgment seeking $35,000 from Owens-Illinois, allegedly due under the listing agreement. Baker asserted that the commission became due when he produced a purchaser. Baker also charged Owens-Illinois with violating Paragraph 6 of the agreement which stated:

Owner shall notify REALTOR if negotiations are underway with any purchaser not included in this agreement. Agent agrees to not interfere with these negotiations.

Owens-Illinois denied liability arguing that the terms of the agreement were not met because the procurement of a purchaser was not accompanied by an offer in writing or "in the form of a contract that was enforceable." Further, while maintaining Paragraph 6 was for its benefit, Owens-Illinois asserted that it, nevertheless, complied with the notice requirement.

Owens-Illinois moved to strike the evidence at the close of Baker's case and again at the conclusion of all evidence. The trial court denied both motions. The jury returned a verdict for Baker and awarded him $35,000. Owens-Illinois moved to set aside the verdict. The court denied this motion as well. Owens-Illinois assigns error to each of the trial court's rulings.

On appeal, relying on *Snider* v. *New River Ins., etc. Corp.*, 187 Va. 548, 552-53, 47 S.E.2d 398, 400-01 (1948), Owens-Illinois argues that the brokerage agreement required Baker to obtain a binding contract to *sell* the mill, not simply to locate a ready, willing, and able purchaser. As Baker produced no evidence of an enforceable sales contract, Owens-Illinois reasons that the trial court erred in denying the motions to strike. Owens-Illinois, however, never sought a ruling by the trial court that, as a matter of law, the agreement was one *to sell* rather than *to find* a buyer. Instead, Owens-Illinois specifically alleged that Baker had "not procured a buyer that was ready, willing and able to purchase the property." Hence, we will not consider Owens-Illinois' contentions, raised for the first time on appeal, that the agreement was one *to sell* the mill.

In determining whether the trial court erred in denying the various motions to strike the evidence and to enter judgment for the defendant, we apply a single standard. The plaintiff's evidence and all inferences fairly drawn therefrom must be viewed in the light most favorable to the plaintiff and the motions should be granted only if plaintiff proved no cause of action against the defendant or if no evidence existed to support the verdict. *See Hadeed* v. *Medic-24*, 237 Va. 277, 377 S.E.2d 589 (1989); *Matney* v. *Cedar Lane Farms*, 216 Va. 932, 933-34, 224 S.E.2d 162, 163 (1976).

At trial, Baker introduced evidence that he had produced a buyer at the stated price and that Owens-Illinois did not inform him of negotiations with another buyer until three days after the contact had been initiated. As stated in the trial court's letter opinion, jury questions were presented on whether the timing of Owens-Illinois' notification of negotiation was reasonable, whether Baker had communicated the purchase offer, and whether Baker had complied with the agreement and produced a ready, willing, and able purchaser. We conclude that the evidence presented was sufficient to overcome the motions to strike and to support the jury's verdict.

■ Finally, Owens-Illinois challenges the trial court's refusal to grant jury instruction A, which stated that a contract for the sale of real estate must be in writing to be enforceable. Owens-Illinois did not object to Baker's Instruction No. 10, which stated as follows:

> A real estate broker who undertakes to enter into a contract to find a purchaser ready, willing and able to buy property at terms stipulated by the owner earns his commission when he finds such a purchaser and *the broker is not required to procure a written contract signed by the purchaser as a condition to his right to recover commission unless the brokerage contract with the owner expressly provides.* (Emphasis supplied.)

The brokerage agreement had no requirement that Baker produce either a written offer to buy or a written contract of sale signed by the purchaser. It is well settled that instructions given without objection become the law of the case and thereby bind the parties in the trial court and this Court on review. *Shamblee* v. *Virginia Transit Company*, 204 Va. 591, 594-95, 132 S.E.2d 712, 714 (1963). *See also Commonwealth* v. *Millsaps*, 232 Va. 502, 509, 352 S.E.2d 311, 315 (1987). Under the law of this case then, no written contract from a prospective purchaser was required. Accordingly, the statute of frauds instruction was not related to the law of this case and properly was refused.

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*