COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


CHARLES W. VINCENT

v.   Record Nos. 0416-95-1 and          MEMORANDUM OPINION[*] BY
                 0557-95-1              JUDGE NELSON T. OVERTON
                                             JANUARY 30, 1996
COMMONWEALTH OF VIRGINIA

           FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                      Thomas S. Shadrick, Judge

           Andrew M. Sacks (Stanley E. Sacks; Michael F.
           Imprevento; Sacks, Sacks & Imprevento, on
           briefs), for appellant.

           Leah A. Darron, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.


     Charles W. Vincent was convicted in a jury trial of nine
counts of unethical solicitation of a gift by a public employee
having official responsibility for a procurement transaction, in
violation of Code § 11-75 and § 11-80.  On appeal, Vincent
contends: (1) that the indictment failed to state an offense; (2)
that Code § 11-75 is unconstitutional; (3) that the evidence was
insufficient to prove that the defendant "willfully" violated
Code § 11-75; (4) that the trial court erred in denying
defendant's pretrial motion for a continuance; and (5) that the
trial court erred in denying defendant's motion for a stay of
execution of sentence.  For the reasons that follow, we affirm

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the convictions.

## I. Facts

Charles Vincent was elected to the Virginia Beach City School Board on May 3, 1994, and assumed office on July 1 of that year. By August he had joined the Architectural Review Committee, tasked with selecting architectural and engineering firms for subsequent contracts for work on the school system.

On August 29-30, Vincent met with representatives of nine firms who later were awarded school contracts. On September 7, Vincent sent a letter to each of the nine firms, who at that time had been notified that they were recommended by the committee for contracts. The letters stated in whole:

> Gentlemen,
>
> It was a pleasure meeting with you, and representatives of your firm, when you recently appeared before our committee. I am pleased to have been a part in the selection of [your firm] for [a particular school project].
>
> On another matter . . . I am trying to retire (or at least trim) my campaign debt from the recent School Board election. If you would like to contribute, please send your checks, payable to <u>VINCENT FOR SCHOOL BOARD CAMPAIGN</u>, in the enclosed envelope.
>
> Thank you for your support. I look forward to working with you during the next four years during my term of office.

The nine letters varied only slightly. Less than two weeks later, Vincent sent follow-up letters reiterating the last two paragraphs of the first letter. The follow-up letters contained a notice on the bottom of the page referencing campaign contribution filing and reporting requirements. The first letters did not.

On October 3, a grand jury indicted Vincent on nine counts of unethical solicitation of a gift.  A jury found him guilty on all counts and recommended a fine of $200 for each count.  The trial judge sentenced the fine in accordance with the jury's recommendation and further ordered that Vincent forfeit his school board seat.  The judge stayed the execution of the fines pending appeal, but refused to stay the forfeiture of the public position.

## II. Indictment

Vincent first argues that the indictment did not properly state an offense because the wording in the indictment did not parallel the wording of the statute sections he was charged with violating.  His argument has no merit.  The indictment cited Code §§ 11-75 and 11-80, defining both the crime and the necessary criminal intent.  "By citation of the statute in the indictment appellant was informed of the essential elements of the case against him." <u>Reed v. Commonwealth</u>, 3 Va. App. 665, 667, 353 S.E.2d 166, 167-68 (1987).  The reference to the applicable statute sections and the plain wording of the indictment made the charges against Vincent clear.  The indictment sufficiently stated the offense.

Vincent also contends that Code § 11-75 is unconstitutionally vague and overbroad.  It is neither.

Code § 11-75 states:
> No public employee having official responsibility for a procurement transaction shall solicit, demand, accept, or agree to

accept from a bidder, offeror, contractor or subcontractor any payment, loan, subscription, advance, deposit of money, services or anything of more than nominal or minimal value, present or promised, unless consideration of substantially equal or greater value is exchanged. The public body may recover the value of anything conveyed in violation of this section.

In order to withstand a void for vagueness challenge, the statute must provide a reasonably intelligent person with fair notice that his contemplated conduct is proscribed. Papachristou v. City of Jacksonville, 405 U.S. 156, 162 (1972). Code § 11-75 clearly delineates the kinds of activities the General Assembly intended to prohibit: "solicit, demand, accept, or agree to accept" something of value from a bidder or contractor. A reasonable public official or employee has sufficient notice as to potential wrongdoing, and the statute therefore does not fail for vagueness.

Nor is the statute constitutionally overbroad. If a statute can be made constitutionally definite by a reasonable construction, the court is under a legal duty to give it that construction. Pederson v. City of Richmond, 219 Va. 1061, 1065-66, 254 S.E.2d 92, 98 (1979). When statutory construction is required, the court must construe a statute to promote the end for which it was enacted, if such an interpretation can reasonably be made from the language used. Wollfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 533 (1994). Contrary to Vincent's assertion, the statute as written does not

- 4 -

prohibit an official who once had procurement responsibility from that point onward ever receiving a campaign contribution from anyone who once was a contractor. The statute as applied to the appellant can be construed narrowly so as to confine the period when he was a public official with procurement responsibility and the solicitees who were firms involved in that current transaction.

### III. Willful Requirement

At trial, the jury was instructed that a "willful" act as defined in the offense was "an act done voluntarily and intentionally, and with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law." The instruction was given without objection and becomes the law of the case, thereby binding the parties in the trial court and this Court on review. Owens-Illinois, Inc. v. Thomas Baker Real Estate, 237 Va. 649, 652, 379 S.E.2d 344, 346 (1989); Shamblee v. Virginia Transit Co., 204 Va. 591, 594-95, 132 S.E.2d 712, 714 (1963).[1]

In the absence of direct evidence, willfulness may be established through circumstances. Lambert v. Commonwealth, 6 Va. App. 360, 363, 367 S.E.2d 745, 746 (1988). "On appeal, we review the evidence in the light most favorable to the

[1]Because it is the law of this case on appeal, we need not decide whether this instruction states the law inaccurately, although we do note in passing that the instruction as given may have provided the appellant with a more favorable standard than that to which he was entitled.

Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). "[W]hat inferences are to be drawn from proved facts is within the province of the jury and not the court so long as the inferences are reasonable and justified." LaPrade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950).

The Commonwealth proved that Vincent was provided with specific guidelines concerning the ethical responsibilities associated with his new position, and that Vincent acted in contradiction of the statutory prohibitions. Vincent was given a copy of the Virginia Beach School Board manual containing the school board bylaws, policies, and division regulations. This manual included a section specifically addressing the ethics of public contracting and the relevant statutory provisions. Vincent was also present at a special orientation meeting held for new school board members prior to taking office. These facts, taken as a whole, provide sufficient evidence to allow a jury to infer that Vincent's actions were willful.

## IV. Trial

Vincent further assigns error to two decisions of the judge at trial. Vincent first contends that the judge erred in denying his motion for a continuance because of negative pretrial publicity. "The decision to grant a continuance is within the sound discretion of the trial court and its ruling will be

- 6 -

overturned only "if it is plainly erroneous and upon a showing of abuse of discretion and resulting prejudice to the movant.'" Ohlen v. Shively, 16 Va. App. 419, 422, 430 S.E.2d 559, 560 (1993) (quoting Mills v. Mills, 232 Va. 94, 96, 348 S.E.2d 250, 252 (1986)).

The trial judge ascertained that three of the potential jurors had been exposed to pretrial publicity. One of the jurors indicated that he had formed an opinion and was stricken for cause. The other two represented to the judge that they would be able to render a fair judgment based upon the evidence at trial. Having empaneled a fair and impartial jury, the judge properly refused to grant the continuance.

After the sentence was pronounced, the defendant moved to stay execution of the forfeiture of his elected seat. Code § 11-80, of which Vincent was convicted, provides that "[u]pon conviction, any public employee . . . shall forfeit his employment." Unlike the other statutes cited by Vincent, Code § 11-80 does not expressly postpone removal of a public official from his position until the exhaustion of all appeals. In light of the express language of Code § 11-80, we cannot say that the trial court abused its discretion by denying the stay of execution.

Accordingly, we affirm the appellant's convictions.

Affirmed.