COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Senior Judge Cole


THOMAS J. GOUDREAU

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1036-00-4              PER CURIAM
                                      DECEMBER 12, 2000
KATHERINE LYNN GOUDREAU


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Arthur B. Vieregg, Judge

          (Carl P. Horton, on brief), for appellant.

          (James Ray Cottrell; Christopher W.
          Schinstock; Gannon, Cottrell & Ward, P.C., on
          brief), for appellee.


     Thomas J. Goudreau (father) appeals from an order of the

Fairfax County Circuit Court adjudicating a motion for restraining

order and sanctions filed by Katherine Lynn Goudreau (mother).

Father contends the circuit court erred by 1) refusing to grant

him a continuance; 2) addressing issues beyond the scope of

mother's motion and demonstrating animus toward father; 3)

granting partial relief to mother; and 4) making an award of

attorney's fees to mother.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the judgment of the

circuit court.  See Rule 5A:27.

--------

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On June 29, 1999, the circuit court entered an order that permitted mother to relocate to Utah with the couple's two children and awarded mother sole custody of the boys. Mother subsequently filed a motion for restraining order and sanctions wherein she contended that father was sending her harassing emails, interfering with her authority as the children's sole custodian, and engaging in unsolicited and unwanted communications with mother's attorney and with third parties regarding the couple's children. Mother asked the court to enjoin father from sending unsolicited communications to her or any third party, including her attorney, regarding the children, with limited exceptions. She moved the court to prohibit father from taking the children to any medical care provider except in cases of emergency. Mother also asked for an award of attorney's fees and costs connected with pursuing the motion.

The February 25, 2000 hearing on mother's motion was scheduled for thirty minutes. Father moved for a continuance on the ground that he needed more time to review a collection of emails he had sent that mother had compiled into an exhibit book. Father further asserted that he wanted to depose the doctor with whom mother alleged father was having inappropriate communications. The court denied the motion, finding that thirty minutes would suffice for the hearing and that mother, who was

living in Utah, would face a hardship at having to return to Virginia for another hearing.

One of the issues addressed during mother's subsequent testimony was father's opposition to one of the children undergoing an adenoid tonsillectomy. Mother stated that this procedure had been recommended by a physician and that she had advised father of this on January 10, 2000. She testified that at a January 20, 2000 hearing, the court had indicated that, as sole custodian, it was ultimately mother's decision whether the child would undergo the surgery. Nevertheless, at father's request, mother sought a second opinion. The second physician also recommended the surgery. Mother subsequently learned that, while the child was visiting father in Virginia, father took him to a local physician for another opinion on the proposed surgery. This consultation was undertaken without mother's knowledge or consent.

Mother testified regarding conversations she had with the children's physician pertaining to communications between the physician and father. The trial court ruled, however, that it was not receiving this testimony for the substance of the reported contacts.

Mother submitted into evidence a notebook containing emails and other written communications sent by father to her and various third parties.

Father denied harassing or receiving any complaints from healthcare providers regarding his communications with them. On

- 3 -

cross-examination, father agreed that he would no longer contact counsel for mother directly unless he was proceeding pro se.

The circuit court found that father had "engaged in a vendetta with his former wife, characterized by sending accusative, sarcastic, bullying, and otherwise wholly inappropriate E-mails, which strongly suggest that he is emotionally incapable of participating in a constructive consultation with his ex-wife in the best interests of his children."  Nevertheless, the court refused to prohibit father from communicating with mother via email.  The court also refused to prohibit father from communicating with doctors and school officials regarding the couple's children.

The court did enjoin father from communicating directly with mother's attorney.  And the court found that father had violated the court's order granting mother sole custody of the children by unilaterally obtaining a second medical opinion regarding the one son's proposed adenoid tonsillectomy.

The court awarded legal fees to mother, the amount of which was litigated at a separate hearing.

II.

"The decision to grant a continuance is within the sound discretion of the trial court and its ruling will be overturned only 'if it is plainly erroneous and upon a showing of abuse of discretion and resulting prejudice to the movant.'"  Ohlen v. Shively, 16 Va. App. 419, 422, 430 S.E.2d 559, 560 (1993)

- 4 -

(quoting Mills v. Mills, 232 Va. 94, 96, 348 S.E.2d 250, 252 (1986)).

Mother filed her motion for a restraining order on February 8, 2000, and father was put on notice that his communications with the children's physicians would be at issue. There is nothing in the record indicating that father made any effort to depose any witnesses prior to the February 25 hearing. Moreover, father has failed to establish how he was prejudiced by the court's ruling. Mother was not able to present any evidence that father was harassing medical providers and, other than requesting the opportunity to depose witnesses, father did not advise the court that he had any additional evidence he wanted to present. Accordingly, the trial court did not abuse its discretion when it refused to continue the matter.

### III.

Father contends the court erred by going beyond the scope of mother's motion and asserts the court demonstrated an animus toward him. In his exceptions to the court's order, father did not assert that the court had taken any action beyond the scope of that requested by mother. Father did state that mother's exhibits "taken one at a time, do not justify the Court's reaction against [father]."

Although the court expressed a belief that father was acting inappropriately in his relationship with mother, the court did not impose any limits on father's communications with

- 5 -

mother, school officials, or medical care providers.  Father's assertion that the court let its passions dictate its decision is without support in the record.  In addition to the fact that the court did not grant any relief beyond that requested in mother's motion, father did not state this particular objection to the circuit court and thus failed to preserve it for appeal.  See Rule 5A:18.

IV.

Father contends the court erred in granting partial relief to mother.  The only relief the court granted mother was enjoining father from directly contacting mother's attorney.  Father had agreed during the hearing that he would no longer engage in this behavior.  Accordingly, this assignment of error is without merit.

V.

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion."  Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).

The court found that father violated the order awarding mother sole custody of the couple's children by unilaterally seeking a second medical opinion for the one son's proposed tonsillectomy.  And father waited until near the end of the hearing before he agreed to stop sending unsolicited faxes to mother's attorney.  Finally, while the court denied mother much

- 6 -

of the relief she sought, it found merit in mother's claims that father's communications with her and others were occasionally of a harassing nature.  Under the circumstances, we cannot state that the trial court abused its discretion in awarding mother attorney's fees.[1]

Mother has requested an award of attorney's fees for defending this appeal.  Upon consideration of the entire record in this case, we hold that she is entitled to a reasonable amount of additional attorney's fees, and we remand for an award of further costs and counsel fees incurred in this appeal.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

For the foregoing reasons, the judgment of the circuit court is affirmed, and the matter is remanded for an award of costs and fees.

Affirmed and remanded.

---

[1] Mother moved to dismiss the appeal on the ground that father failed to file the transcript from the April 21, 2000 hearing, where the circuit court accepted evidence regarding the amount of attorney's fees to which mother was entitled.  On appeal, father challenges the court's decision to award attorney's fees, but not the amount awarded.  Accordingly, the April 21 transcript is not necessary to adjudicate the appeal, and mother's motion to dismiss is denied.