COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge Frank and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


PAUL WINSTON TYE

v.        Record No. 0833-08-1

SANDRA HARRISON TYE

MEMORANDUM OPINION[*] BY
CHIEF JUDGE WALTER S. FELTON, JR.
AUGUST 11, 2009

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Thomas S. Shadrick, Judge

John W. Bonney (Law Office of John W. Bonney, P.C., on brief), for
appellant.

Elizabeth R. Gold for appellee.


Paul Winston Tye ("husband") appeals from a judgment of the Virginia Beach Circuit

Court ("trial court"). He contends that the trial court erred in denying his motion to continue the

scheduled trial date to permit counsel he retained on the morning of the trial to represent him at

trial, that it erred in refusing to incorporate a document he asserts was the parties' separation

agreement into the final decree of divorce pursuant to Code § 20-109(C), and that it abused its

discretion in awarding Sandra Harrison Tye ("wife") 65% of the net proceeds from the sale of

the marital residence.

Wife contends the trial court erred in failing to grant her attorney's fees incurred March

21, 2008 through October 27, 2008 as a result of husband's failure to obey the trial court's orders

related to the sale of the marital residence. She also seeks an award of her costs and attorney's

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

fees on appeal. Finding no error, we affirm the judgment of the trial court, and remand to the trial court for the limited purpose of determining wife's attorney's fees and costs on appeal.

BACKGROUND

As the parties are familiar with the record below, we cite only those facts necessary to the disposition of the appeal.

On appeal, we view the evidence in the light most favorable to wife, the party prevailing below, "and grant all reasonable inferences fairly deducible therefrom." Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999). So viewed, the evidence established that the parties married on July 16, 1994 and separated on May 30, 2006. Wife and the two minor children of the marriage, then ages four and one, left the marital residence as a result of growing concerns with husband's mental health issues and his failure to adhere to his prescription drug regimen. Thereafter, husband filed a bill of complaint seeking divorce on the grounds of wife's desertion. Wife filed a crossbill seeking divorce on the grounds of husband's constructive desertion and/or mental cruelty.

Following *pendente lite* proceedings, the trial court awarded the parties joint legal custody of their children, with primary physical custody to wife and supervised visitation to husband. Husband remained in the marital residence on the condition that he reimburse wife for her continuing to make monthly mortgage payments until the house was sold. Husband was ordered to pay child support and to reimburse wife for her payment of husband's health insurance costs under her healthcare policy.

The course of the parties' litigation was marked by husband's intractable refusal to obey court orders, resulting in several show cause hearings and eventually resulting in husband's being jailed for contempt. Prior to trial, husband was represented by two different attorneys, each of whom withdrew from representing him because of his failure to cooperate, the second

attorney withdrawing on January 11, 2008. On the scheduled trial date of January 17, 2008,[1]

husband appeared without counsel. He gave the trial court a letter from an attorney he retained

that morning stating that he could not appear that day to represent husband and requesting a

continuance of the trial to permit him to do so at a later date. The trial court denied husband's

motion for a continuance, stating:

> [T]his case has been before the court a number of times;
> and . . . [husband] has not been cooperating with his lawyers and
> has not responded to discovery, has not done anything the court
> has . . . previously ordered him to do, . . . [and the trial court]
> advised the parties on January 11th that this case would be tried
> today [January 17, 2008] . . . .

The trial commenced on wife's amended crossbill,[2] with husband proceeding *pro se*.[3]

During the trial, wife sought to "place before the court an agreement," titled "LRC

SEPARATION AGREEMENT QUESTIONAIRE [sic]."[4] Husband objected to the document,

arguing that it lacked a page related to the legal and physical custody of the children and that he had

"dispute along with several other issues with this document" including a blank to be filled in for

child support. Based on husband's objections to the document and wife's representation that it was

not needed, the trial court refused to admit it into evidence.

After hearing the evidence, the trial court granted the parties a divorce pursuant to Code

§ 20-91(9)(a), and after "considering all the factors in [Code §] 20-107.3," granted "possession of

---

[1] On August 3, 2007, the "Agreed Trial Date" was set for January 17, 2008.

[2] Wife's amended crossbill sought a divorce on the one-year separation rule pursuant to Code § 20-91(9)(a).

[3] Husband participated at trial, cross-examining wife's witnesses, objecting to wife's document, and testifying.

[4] The record contains no explanation as to the meaning of "LRC." At oral argument, wife's counsel suggested the document might have originated from another attorney one or both of the parties consulted prior to wife's retaining her.

the [marital] home . . . to . . . wife," ordered that it be sold, and ordered that the net proceeds of that sale be distributed 65% to wife and 35% to husband. The trial court based its award for the distribution of the net proceeds of the sale on wife's

> contributions to the mortgage and support of the house during . . . the marriage, also based upon the deterioration of the house while . . . husband has had possession of it and depreciation in value since . . . husband didn't allow it to be put on the market back when it was ordered to be put on the market.

The trial court entered its final decree of divorce on March 14, 2008.

On March 21, 2008, after husband's continued disobedience of its order to vacate the marital residence, the trial court found husband in contempt and sentenced him to ten days in jail. During the period husband was incarcerated, wife took possession of the residence. On April 2, 2008, the trial court stayed the final decree of divorce pending a hearing on wife's motion to require husband to be responsible for additional costs to repair the marital residence which he had left in a state of "extreme disrepair and disorder."

On September 19, 2008, husband filed a motion to "incorporate into a final divorce decree [the LRC Separation Agreement Questionnaire] entered into by the parties or in the alternative to enforce the terms of [that] agreement." The trial court denied husband's motion. It entered an amended final decree of divorce on October 27, 2008, directing the net proceeds of the sale of the marital residence to be distributed 65% to wife and 35% to husband and ordering that the additional costs incurred by wife to repair the residence be deducted from husband's share. The trial court denied wife's motion for additional attorney's fees.

## ANALYSIS

### I. Motion for Continuance

From the record on appeal, we find no abuse of discretion by the trial court in denying husband's request for a continuance on the day of trial resulting in his proceeding *pro se* at trial.

"The decision whether to grant a continuance is a matter within the sound discretion of the trial court. Abuse of discretion and prejudice to the complaining party are essential to reversal. In considering a request for a continuance, the court is to consider all the circumstances of the case." Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986) (citation omitted).

Husband, citing Mills v. Mills, 232 Va. 94, 348 S.E.2d 250 (1986), argues that the trial court's refusal to grant his motion for continuance on the day of trial was an abuse of discretion. In Mills, wife dismissed her attorney on the scheduled morning of trial and requested a continuance to obtain new counsel. The trial court denied her motion and proceeded to trial on that day. Unlike the circumstances presented in this case, the Supreme Court found that wife "had little or no advance notice that she would be without counsel," did nothing "to delay or evade her trial," and "was forced into the trial of a complex matter without the assistance of counsel." Id. at 96, 348 S.E.2d at 252. Under those circumstances, the Court found that the "trial court abused its discretion and . . . [wife] was prejudiced thereby." Id.

Here, the trial court denied husband's motion for continuance on the trial date, scheduled some five months earlier. Husband asked for a continuance so that his third attorney, retained on the morning of trial but unable to appear that day, could be present to represent him at trial. In denying husband's motion for continuance, the trial court noted husband's failure to cooperate with his first two lawyers, his failure to respond to discovery, and the number of times the parties had been before the trial court based on his failure to obey court orders in the case.

From our review of the record, we conclude the trial court did not abuse its discretion in denying husband's motion for continuance on the date of the scheduled trial. See L.C.S. v. S.A.S., 19 Va. App. 709, 726, 453 S.E.2d 580, 589 (1995) (no abuse of discretion in denying husband's request for continuance on day of hearing).

II.  LRC Separation Agreement Questionnaire

Husband further contends the trial court erred in failing to incorporate the "LRC Separation Agreement Questionnaire" as the parties' separation agreement into the final decree of divorce pursuant to Code § 20-109(C).[5]  Husband's argument is without merit.

At trial, based on husband's objection to the "LRC Separation Agreement Questionnaire," and his assertion that the document had been altered and was incomplete, the trial court declined to admit that document.  Despite the trial court's prior ruling based on his objection, husband nevertheless filed a copy of the "LRC Separation Agreement Questionnaire" with the trial court prior to the entry of its final decree.  He asserted that it constituted a separation agreement of the parties and requested that it be incorporated in the final decree of divorce.  In denying husband's motion to incorporate that document into the final decree, the trial court stated, "He can't have it both ways."  The trial court specifically held that, "under the facts in this case, . . . [the LRC Separation Agreement Questionnaire] was not a valid contract."

On appeal, we will not consider a party's assertion of trial court error, where the trial court has ruled precisely in the manner requested by that party.  "[A] party may not 'in the course of the same litigation occupy inconsistent positions.'"  Matthews v. Matthews, 277 Va. 522, 528, 675 S.E.2d 157, 160 (2009) (quoting Hurley v. Bennett, 163 Va. 241, 252, 176 S.E. 171, 175 (1934)).  "Husband will not be permitted to approbate and reprobate, ascribing error [on

---

[5] Code § 20-109(C) provides:

> In suits for divorce, . . . if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract.

- 6 -

appeal] to an act by the trial court that comported with his representations." Asgari v. Asgari, 33 Va. App. 393, 403, 533 S.E.2d 643, 648 (2000).

### III. Distribution of Marital Residence Sale Proceeds

Husband also contends the trial court abused its discretion in granting 65% of the net proceeds from the sale of the parties' marital residence to wife and 35% to husband, again asserting that the trial court failed to follow the parties' "separation agreement" which provided for equal distribution of those proceeds.

The trial court found no written separation agreement existed between the parties compelling an equal distribution of the net proceeds for the sale of the marital residence. Moreover, "Virginia law does not establish a presumption of equal distribution of marital assets." Matthews v. Matthews, 26 Va. App. 638, 645, 496 S.E.2d 126, 129 (1998). "Fashioning an equitable distribution award lies within the sound discretion of the trial judge . . . ." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

Following the parties' separation, husband was permitted to occupy the residence on the condition he would reimburse wife for her continued payment of the mortgage and comply with court orders to cooperate in placing the house on the market. He failed to do either. As a result of husband's failure to vacate the residence to permit it to be placed on the market for sale, and his failure to maintain the house while occupying it, the residence fell into disrepair and depreciated in value.

In light of husband's intractable refusal to comply with its orders relating to the sale of the marital residence and the resulting depreciation in value of the marital residence, we conclude the trial court did not abuse its discretion in ordering the net proceeds of the sale of the marital property to be divided 65% to wife and 35% to husband. See Robbins v. Robbins, 48 Va. App. 466, 482, 632 S.E.2d 615, 623 (2006) (affirming "a 65/35 division of assets").

IV.  Attorney's Fees

A.

Wife contends the trial court erred in refusing to award her attorney's fees incurred "between the March 21, 2008 [contempt] hearing and the final Decree [of Divorce] entered on October 27, 2008."

A trial court's decision to award attorney's fees to a party "is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).

The trial court ordered husband to pay a total of $4,675.50 of wife's attorney's fees during the course of the trial.  We find no abuse of discretion in the trial court's failure to award additional attorney's fees to wife.

B.

Wife also seeks her costs and her attorney's fees on appeal.  Upon consideration of the record, we hold that wife is entitled to a reasonable amount of attorney's fees and her costs incurred in this appeal.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996). Accordingly, we award wife her attorney's fees and costs on appeal, and remand to the trial court to determine wife's attorney's fees and costs incurred in this appeal, which should also include any additional attorney's fees and costs incurred at the remand hearing.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court and remand to the trial court to determine attorney's fees and costs awarded to wife in this appeal.

Affirmed and remanded.