HUFF, J.,
dissenting, in part.
I respectfully dissent because 1) the standard articulated by the trial court when denying appellant’s motion to set aside *260 the jury verdict was the very standard that was rejected by the Supreme Court in Blondel v. Hays, 241 Va. 467, 473-74, 403 S.E.2d 340, 344 (1991), as an incorrect statement of the law of proximate cause in the Commonwealth, and 2) the jury’s determination that appellant’s abuse and neglect of Tuggle resulted in Tuggle’s death was “ ‘plainly wrong [and] without credible evidence to support it,’ ” Doherty v. Aleck, 273 Va. 421, 424, 641 S.E.2d 93, 94 (2007) (quoting Lane v. Scott, 220 Va. 578, 581, 260 S.E.2d 238, 240 (1979)). Consequently, I would hold that the trial court erred in applying an incorrect standard to, and in subsequently denying, appellant’s motion to set aside the jury’s verdict.
Code § 18.2-369(B) provides that “[a]ny responsible person who abuses or neglects an incapacitated adult in violation of this section and the abuse or neglect results in the death of the incapacitated adult is guilty of a Class 3 felony.” It is uncontested that appellant is a “responsible person” under the statute. Thus, the issue on appeal is whether the jury’s determination that appellant’s abuse or neglect “resulted] in” Tuggle’s death is supported by credible evidence. Code § 18.2-369(B).
I agree with the majority’s observation, based on the United States Supreme Court’s opinion in Burrage v. United States, — U.S. —, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014), that the phrase, “results in the death,” as it is used in Code § 18.2-269(B), is the functional equivalent of “proximately causes the death.”[8] “A frequently quoted definition of proximate cause *261 is that it is a cause ‘which, in natural and continuous sequence ... produces the injury, and without which the result would not have occurred.’ ” Scott v. Simms, 188 Va. 808, 816-17, 51 S.E.2d 250, 253 (1949). “[T]he first element of proximate cause, causation in fact, is often described as the ‘but for’ rule.” Ford Motor Co. v. Boomer, 285 Va. 141, 150, 736 S.E.2d 724, 728 (2013). A “but-for cause,” which is “[a]lso termed actual cause; cause in fact; [and] factual cause,” is a “cause without which the event could not have occurred.” Black’s Law Dictionary 250 (9th ed.2009). In the present case, the above, well-settled principles of proximate cause in Virginia were accurately reflected in Jury Instruction No. 17, which provided that “[a] proximate cause of death is a cause that, in natural and continuous sequence, results in death. It is a cause without which the death would not have occurred.” (Emphasis added).[9]
Rule 3A:15 establishes the standards to be applied by a trial court when considering a motion to strike and a motion to set aside a jury verdict. In pertinent part, the standard is the same for both motions — whether “the evidence is sufficient as a matter of law to sustain a conviction.” Rule 3A:15(a), (b). Indeed, as the majority points out, under this standard and Code § 8.01-680 the trial court “shall not set aside [a jury verdict] unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it.”
“If there is a conflict in the testimony on a material point, or if reasonable [persons] may differ in their conclusions of fact to be drawn from the evidence, or if the conclusion is dependent on the weight to be given the testimony, the trial judge cannot substitute his conclusion for that of the jury *262 merely because he would have voted for a different verdict if he had been on the jury.”
Doherty, 273 Va. at 424, 641 S.E.2d at 94 (quoting Lane, 220 Va. at 581, 260 S.E.2d at 240).
When considering a motion to strike the evidence as insufficient to establish proximate cause in a wrongful death case, however, the Supreme Court has provided additional “guidance” to trial courts beyond the standard established in Rule 3A:15(a). Blondel, 241 Va. at 473-74, 403 S.E.2d at 344. Specifically, the Supreme Court stated that when
deciding a motion to strike the evidence ..., if a plaintiffs evidence has shown that the defendant’s negligence has destroyed any substantial possibility of the patient’s survival, then there is sufficient evidence of proximate cause to go to the jury, and a motion to strike the evidence on that ground should be overruled.
Id. at 474, 403 S.E.2d at 344 (emphasis added). Considering this additional guidance in the present case, at the motion to strike stage, the evidence established that without treatment, Tuggle had a 100% chance of dying from his burns. With treatment, however, he would have had a thirteen to twenty-five percent chance of survival. Consequently, when appellant decided not to send Tuggle to the hospital, he destroyed a substantial possibility of Tuggle’s survival. Thus, the trial court denied appellant’s motion to strike the evidence as insufficient to establish proximate cause and sent the issue to the jury.
The Supreme Court went on in Blondel, however, to explain that “ ‘[t]he substantial possibility of survival’ standard, while furnishing the criterion for deciding a motion to strike, was never designed for the guidance of a jury.” 241 Va. at 474, 403 S.E.2d at 344. This is because the “substantial possibility of survival” standard is not the law of proximate cause in the Commonwealth. Id. at 474-75, 403 S.E.2d at 344 (“Courts in a number of other jurisdictions have adopted the ‘substantial possibility of survival’ standard for jury instructions ..., [but] we are not persuaded of the wisdom of that policy.”); see also *263 Cooper v. Commonwealth, 2 Va.App. 497, 500, 345 S.E.2d 775, 777 (1986) (jury instructions must accurately reflect “the law of the case applicable to the facts” (emphasis added)). Rather, it is to be “employed as a decisional standard for the guidance of trial courts in deciding a motion to strike the evidence” as insufficient to establish proximate cause in wrongful death cases. Blondel, 241 Va. at 473-74, 403 S.E.2d at 344 (emphasis added). In other words, once a case makes it past the motion to strike stage, the jury’s function is to decide the issue of “proximate cause” according to the Commonwealth’s “well-settled law,” not according to whether a substantial possibility of survival was destroyed. Id. at 474, 403 S.E.2d at 344. Our Supreme Court did not intend for the “substantial possibility of survival” standard to be applied when considering a motion to set aside a jury verdict for lack of proximate cause, as the majority suggests.
Consequently, when considering a motion to set aside a jury verdict for lack of proximate cause of death, a trial court should not seek to determine whether the evidence established that a substantial possibility of a victim’s survival was destroyed, but rather, it should seek only to determine whether “the evidence is insufficient as a matter of law to sustain a conviction.” Rule 3A:15(b) (emphasis added). Accordingly, when considering appellant’s motion to set aside the jury verdict in the present case, the trial court should have considered the well-settled law of proximate cause in the Commonwealth, and then asked whether the jury’s determination that appellant’s abuse or neglect proximately caused Tuggle’s death was “ ‘plainly wrong or without credible evidence to support it.’ ” Doherty, 273 Va. at 424, 641 S.E.2d at 94 (quoting Lane, 220 Va. at 581, 260 S.E.2d at 240).
In its letter opinion denying appellant’s motion to set aside the jury verdict, however, the trial court inappropriately applied the “substantial possibility of survival” standard as the law of proximate cause in the Commonwealth, stating that “[i]n the court’s view, a twenty-five percent chance of survival represents a substantial possibility of survival, and the jury was entitled to find that [appellant’s] abuse or neglect of *264 Tuggle was a proximate cause of his death.”[10] In so holding, the trial court specifically relied upon Brown v. Koulizakis, 229 Va. 524, 331 S.E.2d 440 (1985), and Whitfield v. Whittaker Mem. Hosp., 210 Va. 176, 169 S.E.2d 563 (1969), in which the trial courts were reversed for incorrectly striking plaintiff’s evidence. Blondel, 241 Va. at 473, 403 S.E.2d at 344. The “substantial possibility of survival” standard, however, was rejected by the Supreme Court as an incorrect statement of the law of proximate cause. Id. at 474-75, 403 S.E.2d at 344 (“Courts in a number of other jurisdictions have adopted the ‘substantial possibility of survival’ standard for jury instructions ..., [but] we are not persuaded of the wisdom of that policy.”).
In deciding a motion to set aside a jury verdict, the appropriate inquiry is whether “the evidence is insufficient as a matter of law to sustain a conviction.” Rule 3A:15(b) (emphasis added). Deciding whether the evidence was sufficient to support the jury’s verdict, as a matter of law, requires the trial court to apply the correct law — in this case, on the issue of proximate causation.[11] That appears not to have been done. Accordingly, I would hold that when considering appellant’s motion to set aside the jury verdict, the trial court erred by applying a decisional standard intended only as “guidance” when deciding a motion to strike the evidence.
*265 I would further hold that the trial court erred in denying the motion to set aside the jury verdict because the jury’s determination that appellant’s abuse or neglect of Tuggle was a proximate cause of Tuggle’s death was “ ‘plainly wrong [and] without credible evidence to support it.’ ” Doherty, 273 Va. at 424, 641 S.E.2d at 94 (quoting Lane, 220 Va. at 581, 260 S.E.2d at 240).
Suzuki testified that thirty percent of Tuggle’s body was burned and that his cause of death was sepsis and pneumonia resulting from these thermal injuries. Whaley testified that without treatment, Tuggle’s risk of death was 100%, and with treatment, he had a thirteen to twenty-five percent chance of survival. This evidence establishes that, in all probability, Tuggle would have died regardless of appellant’s abuse or neglect. No evidence was presented, and no inference could arise, suggesting a likelihood of survival “but for” appellant’s abuse and neglect. As such, no reasonable trier of fact could have found, beyond a reasonable doubt, that “but for” appellant’s abuse or neglect, Tuggle would have survived. Or, in other words, no reasonable trier of fact could have found, beyond a reasonable doubt, that without appellant’s abuse or neglect Tuggle’s death would not have occurred.[12]
The facts of the present case are similar to the majority’s hypothetical example of an incapacitated adult who becomes ill or injured through no fault of the responsible party, and the “prompt or heroic measures” of the responsible party would not save the victim from death. As the majority notes, in this scenario, the responsible party’s inaction would not qualify as a proximate cause of the victim’s death. Similarly, in the present case, no evidence was presented upon which a jury could base its verdict that appellant’s abuse or neglect was a proximate cause of death. I, therefore, would hold that the *266 jury’s determination that appellant’s abuse or neglect of Tuggle was a proximate cause of Tuggle’s death was unsupported, as a matter of law. For the foregoing reasons, I respectfully dissent.[13]

. While the United States Supreme Court in Burrage distinguished between “actual cause” and “legal cause [often called proximate cause]” and then went on to address the "results from” language only in the context of actual cause, — U.S. at —, 134 S.Ct. at 887-88, "there are inconsistencies in the national legal nomenclature as to whether [actual cause] is considered to be a subset of proximate cause or whether [actual cause], in addition to proximate cause, ... together create legal cause.” Ford Motor Co. v. Boomer, 285 Va. 141, 151 n. 2, 736 S.E.2d 724, 728 n. 2 (2013). Our Supreme Court has indicated, however, that “the former nomenclature ... is the more widely used terminology in Virginia....” Id. Consequently, the United States Su *261 preme Court's analysis of actual cause in Burrage is applicable to our analysis of proximate causation in the present case.

. As the majority notes, this instruction was uncontested and thus, at a minimum, is the law of the case. Owens-Illinois, Inc. v. Thomas Baker Real Estate, Ltd., 237 Va. 649, 652, 379 S.E.2d 344, 346 (1989) ("instructions given without objection become the law of the case and thereby bind the parties in the trial court and this Court on review”).

. The majority's suggestion that "a jury could find that Wagoner's act of calling Tuggle back while en route to the hospital and failure to correct his action by seeking professional medical treatment hastened Tuggle's death and destroyed his twenty-five percent chance of survival'' also has the effect of applying the "substantial possibility of survival" standard as the law of proximate cause in Virginia.

. Although the same language is used in Rule 3A:15 for deciding a motion to strike the evidence and a motion to set aside a verdict, the Supreme Court, in Blondel, has provided additional guidance for a trial court to apply in considering a motion to strike the evidence on the issue of proximate cause in death actions, 241 Va. at 473-74, 403 S.E.2d at 344, favoring submission of such cases to the jury. This additional guidance does not change the Commonwealth's law of proximate causation and therefore does not lessen the standard for considering a motion to set aside a jury verdict.

. I respectfully suggest that the extent to which the majority relies on Dr. Berry’s testimony, regarding Tuggle's cause of death, as evidence to support the jury's determination is misplaced because the trial court declined to qualify Berry as an expert in forensic pathology, holding that "Dr. Berry cannot express an opinion as to cause of death because that is outside his area of expertise.”

. I do not differ with the majority as to appellant’s third assignment of error, although I would reverse without reaching that issue.