## Alexandria

SARA N. OHLEN (SHIVELY)

v.

THOMAS I. SHIVELY

No. 0918-92-4

Decided May 25, 1993

COUNSEL

Ted Kavrukov (Kleiman & Kavrukov, on briefs), for appellant.

Harry Lee Thomas, for appellee.

OPINION

**FITZPATRICK, J.**—In this child custody case, Sara N. Ohlen (mother) appeals a decree of the Circuit Court of Arlington County transferring primary custody of the parties' two children to Thomas I. Shively (father). On appeal, mother argues that the trial judge erred by: (1) refusing to grant her motion for a continuance of the trial date; (2) relying on the factors set forth in Code § 20-107.2 to determine that a change of custody was warranted; and (3) ruling that father established a *prima facie* case for a change in custody based solely on his affidavit. We find no error based on the first and second arguments outlined above. We agree, however, with the mother's third contention and reverse the judgment on that basis.

Father, the non-custodial parent, filed a notice and motion for change of custody of the parties' two children, Wendi Shively, born September 29, 1974, and Natalie Shively, born June 8, 1979. He attached to the motion an affidavit of facts in support of a change in custody. Mother was served with both documents on February 7, 1992. The matter was originally set for hearing on the motions-day docket of February 21, 1992, but at mother's request, father's counsel agreed to a continuance until February 28, 1992.

When the matter was called in court on February 28, 1992, the parties, their spouses and the two children, ages seventeen and twelve, respectively, were present in the courtroom. Mother requested an additional continuance to allow her to engage the services of a psychologist and to subpoena additional witnesses. She also asserted that she could not present her case within the time limitations of motions-day. The request for a continuance was denied. The trial judge heard the case by first reading father's affidavit that was submitted with the original motion for a change in custody.

The affidavit alleged, *inter alia*, that: (1) mother told the oldest child, who was not the subject of this motion, to move out when she turned eighteen; (2) mother told Wendi, the seventeen year old, that the only reason she was allowed to stay was for the child support received; (3) mother's financial and living arrangements were unstable; (4) mother's husband (hereinafter stepfather) had never been steadily employed since their marriage in 1985; (5) both children wish to live with their father; (6) father is happily married and believes it to be in the best interests of the children to live with him; and (7) other children, not the subject of this litigation, have also been subject to instability while in their mother's care.

The trial judge concluded that the affidavit established father's *prima facie* case for a change in custody and advised mother to proceed with her case. Father presented no other evidence in his case-in-chief. Mother then testified that she and stepfather reside in a nice home and that they both take an active interest in the children's lives. Cross-examination revealed that stepfather had been unemployed for six years and had only recently obtained part-time employment. Furthermore, he could not recall whether he had slapped Natalie in the face or thrown Wendi against a wall.

Mother testified that she had recently moved after losing her home in Woodbridge due to stepfather's unemployment. She further admitted, *inter alia*, that she cashed in the children's certificates of deposit intended for their college education and that she told their oldest child to pack her belongings and leave when she became eighteen. In addition, mother did not deny frequent moves that disrupted the children's schooling nor did she deny that she and stepfather had considered moving to North Carolina.

Father argued that his affidavit and the mother's testimony established a material change in circumstances and that custody should be transferred to him. The trial judge ordered joint custody with primary physical custody with father, and mother was given liberal visitation.

## MOTION FOR CONTINUANCE

■ The decision to grant a continuance is within the sound discretion of the trial court and its ruling will be overturned only "if it is plainly erroneous and upon a showing of abuse of discretion and resulting prejudice to the movant." *Mills v. Mills*, 232 Va. 94, 96, 348 S.E.2d 250, 252 (1986); *see also Venable v. Venable*, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986).

Mother was informed of the trial date three weeks in advance and had already obtained one continuance of this hearing. In addition, she failed to request another continuance until the morning of trial. At that time, both parties, their respective spouses and the children were in the courtroom and available to testify. We agree that the time constraints of motions-day is not ideal for a change in custody proceeding; however, upon consideration of the record before us, we find no abuse of discretion in the denial of the continuance.

## THE PROPER STANDARD FOR A CHANGE IN CUSTODY DETERMINATION

Next, mother contends that the trial judge applied an erroneous legal standard when he relied on the factors set forth in Code § 20-107.2 to establish the need for a change in custody.[1]

---

[1] Code § 20-107.2 provides, in pertinent part:

Upon decreeing the dissolution of a marriage . . . the court may make such further decree as it shall deem expedient concerning the custody, visitation and support of the minor children of the parties. . . .

A trial court, in determining whether a change of custody should be made, must apply a two-pronged test: (1) whether there has been a [material] change in circumstances since the most recent custody award; and (2) whether a change in custody would be in the best interests of the child. Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence.

*Visikides v. Derr*, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986) (citation omitted).

In the case at bar, the decree modifying custody provides, in pertinent part:

IT APPEARING TO THE COURT after hearing evidence ore tenus covering the factors set forth in Section 20-107.2 of the Code of Virginia that joint custody should be awarded in this cause; it is, therefore

ADJUDGED, ORDERED and DECREED that both parties are awarded joint custody of the aforesaid children.

■ After a material change of circumstances has been established, a trial judge, in determining the best interests of a child, may properly consider the factors set forth in Code § 20-107.2. Those factors are

---

The court, in determining custody and visitation of minor children, shall consider the following:

1. The age and physical and mental condition of the child or children;

2. The age and physical and mental condition of each parent;

3. The relationship existing between each parent and each child;

4. The needs of the child or children;

5. The role which each parent has played, and will play in the future, in the upbringing and care of the child or children;

6. Any history of family abuse as defined in § 16.1-228; and

7. Such other factors as are necessary to consider the best interests of the child or children.

In awarding the custody of the child or children, the court may give consideration to joint custody or to sole custody, but shall give primary consideration to the welfare of the child or children, and, as between the parents, there shall be no presumption or inference of law in favor of either.

normally considered in a custody hearing and include any "other factors as are necessary to consider the best interests of the child or children." Code § 20-107.2(7). In addition, the statute further instructs that the court "shall give primary consideration to the welfare of the child or children." *Id.* The use of these factors clearly satisfies the requirement that "a change in custody . . . be in the best interests of the child." *Visikides*, 3 Va. App. at 70, 348 S.E.2d at 41. Accordingly, mother's contention that the trial judge erred by relying on this Code section is without merit.

## RELIANCE ON AFFIDAVIT AS SUBSTANTIVE EVIDENCE

■ At trial, the father, who was the party seeking a modification of the existing child custody order, had "the burden of proving, by a preponderance of the evidence, a material change in circumstances justifying a modification of the decree." *Yohay v. Ryan*, 4 Va. App. 559, 565-66, 359 S.E.2d 320, 324 (1987).

> The term "burden of proof" actually refers to two separate burdens: the burden of producing evidence and the burden of persuasion. When a party has the burden of producing evidence on an issue, that party should receive an adverse ruling on the issue as a matter of law unless he or she produces evidence which a reasonable mind *could* accept as proof of the fact in issue. If the party with the burden of production meets this standard, he or she is entitled to have the finder of fact then determine whether he or she has met the applicable burden of persuasion.

*Westmoreland Coal Co. v. Campbell*, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988).

■ In the case at bar, father was available to establish the facts alleged in the affidavit, but was precluded from doing so when the trial judge ruled that the affidavit itself established the *prima facie* case for a change in custody. This was clear error.[2] Generally, "[m]ere affidavits, taken without authority, in the absence of the other party and without notice, have no weight as [direct] evidence, and ought not to be considered as testimony in the cause," unless the parties consent to the use, no timely objection is made, or the affidavit, as used in the

---

[2] "Affidavits are not generally admitted as a hearsay exception solely because they are affidavits." Charles E. Friend, *The Law of Evidence in Virginia* § 249 (3d ed. 1988). The party seeking to rely upon an exception to the hearsay rule has the burden of establishing admissibility. *Doe v. Thomas*, 227 Va. 466, 472, 318 S.E.2d 382, 386 (1984).

case, falls within one of the statutory exceptions to this rule.[3] 1A Michie's Jurisprudence *Affidavits* § 14 (1993) (citing *Rowton v. Rowton*, 11 Va. (1 Hen. & M.) 92 (1806); *Adams v. Hubbord*, 66 Va. (25 Gratt.) 129 (1874); *Braxton v. Lee*, 14 Va. (4 Hen. & M.) 376 (1809)). Mother timely objected to the trial judge's use of the affidavit and no exception to this rule appears applicable in this case.

As our Supreme Court opined in *Haycox v. Dunn*, 200 Va. 212, 104 S.E.2d 800 (1958), " '[s]elf-serving declarations made by one party in the absence of the other, should not be admitted in evidence; and if such declarations inadvertently creep into the evidence before the [fact finder], they should be stricken out on motion, and . . . [disregarded].' " *Id.* at 227, 104 S.E.2d at 810 (quoting 7 Michie's Jurisprudence *Evidence* § 255 (1950)). The underlying basis for this rule excluding "a party's declarations offered in his own behalf as evidence of the truth of the facts declared is the hearsay rule." *Chestnut v. Ford Motor Co.*, 445 F.2d 967, 972 (4th Cir. 1971).

By accepting an affidavit as the only substantive evidence required to establish father's *prima facie* case, the trial judge improperly shifted to mother the burden of proving the absence of a change in circumstances. This forced her to respond to out-of-court allegations with no opportunity to cross-examine the affiant, waive any potential motion to strike, and respond affirmatively to charges that, in all likelihood, would have been subject to valid objections.[4] In addition, by using this procedure the trial judge lost the opportunity to hear the father testify and assess his credibility and sincerity.

---

[3] Examples of statutory exceptions to this rule include, *inter alia*: Code § 8.01-28 (judgment to be given in action upon a note or contract when supported by affidavit); Code § 8.01-416 and 16.1-88.1 (affidavit regarding damage to motor vehicle); Code § 8.01-404 (affidavit used as impeachment evidence for prior inconsistent statement); Code § 8.01-654 (*prima facie* showing by affidavit entitles petitioner to hearing on writ); Code § 16.1-263 (affidavit of natural mother that father is not reasonably ascertainable accepted as evidence); Code § 37.1-134.5(G) (evidence presented at hearing for judicial authorization of treatment and detention may be submitted by affidavit in absence of objection); Code § 56-124 (in an action pursuant to § 56-123, affidavit may be filed and accepted in evidence as if it was deposition testimony); Code § 58.1-110 (Tax Commissioner's affidavit accepted as *prima facie* evidence of tax filing or payment).

[4] For example, it appears that at least some of the allegations set forth in the affidavit were several years old and had no relevance to the current request.

The result of the trial judge's acceptance of the affidavit was that father produced no direct evidence in support of his motion. Accordingly, the judgment of the trial court is vacated and this case is remanded for a new trial in accordance with this opinion.

*Vacated and remanded.*

Barrow, J., and Willis, J., concurred.