## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Shailakia Junious

October 3, 1997

Case No. HI-791-4

BY JUDGE RANDALL G. JOHNSON

This is an appeal from the Juvenile and Domestic Relations District Court of the City of Richmond from an order entered June 9, 1997, which awarded custody of Shailakia Junious ("Shailakia") to her mother, Annie Junious ("Junious"). The juvenile court's order was entered after a hearing on the petition for custody filed by Raymond Lee ("Lee"), Shailakia's father. Trial in this court was held on September 26, 1997.

Shailakia was born on April 14, 1991, and has always lived with her mother. Her parents have never been married. Lee testified that he did not know Shailakia was his daughter when she was born and for a considerable period of time thereafter. Junious testified that he did know it. In any event, Lee filed a petition in juvenile court for custody of Shailakia on May 26, 1995. On October 11, 1995, custody was awarded to Junious. No appeal from that award was filed. On July 1, 1996, Lee filed a motion in juvenile court to amend the earlier order and award custody to him. The June 1997 order now on appeal was the juvenile court's ruling on that motion.

Where a court of competent jurisdiction has made an award of custody, the party seeking to change custody has the burden of showing a material change in circumstances before custody will be changed. *Keel v. Keel*, 225 Va. 606, 611, 303 S.E.2d 917 (1983); *Ohlen v. Shivley*, 16 Va. App. 419, 423, 430 S.E.2d 559 (1993). Lee argues that two changes in circumstances have occurred since custody was initially awarded to Junious. First, Lee claims that his medical condition, which he says played a role in the juvenile court's award of custody to Junious, has improved to such an extent that it is no longer an impediment to his having custody. Second, Lee argues that Junious

is allowing a man to stay with her in the apartment in which she, Shailakia, and Junious' other two children live, and that such arrangement is detrimental to Shailakia's best interests. Because the court finds that no material change in circumstances has occurred, Lee's petition will be denied.

With regard to Lee's medical condition, the evidence shows that since June 1993 he has suffered from Post Encephalitis Demyelization, a stroke-like illness which has caused partial paralysis on his left side. He cannot stand for long periods of time and walks with the aid of a cane. He also suffers from memory loss. While his physical limitations are noticeable, the court's observation of him in no way indicates that he is unable to care for a child, and there is absolutely no evidence that his physical condition would in any way prevent him from taking care of Shailakia. The problem, however, at least as far as Lee's request for custody is concerned, is that there is also no indication in the record that his physical condition was a reason for the 1995 custody decision. In addition, there is no evidence of how his present condition differs from his condition in 1995.

The court recognizes, of course, that the juvenile court is a court not of record and that its decisions are often unaccompanied by written explanation. This does not, however, relieve the party seeking to have custody changed of the burden of showing that a material change of circumstances has occurred since the last custody award. Without knowing whether Lee's medical condition was a factor in the earlier custody award, this court cannot say that such circumstance has materially changed. Moreover, even if Lee's medical condition *was* a factor in the award of custody to Junious, the lack of any evidence that his present condition is significantly *or in any way* different from his condition in 1995 makes it impossible for the court to now conclude that a material change in circumstances involving his medical condition has occurred.

With regard to Junious' allowing a man to stay in her apartment, the only evidence of that fact is a statement in a home study report prepared for the June 1997 hearing in juvenile court. That statement is that Junious and the man, Keith Richards, "deny that he stays overnight at Ms. Junious' residence; however, Shailakia reports that Mr. Richards does reside with them." The report also says "Ms. Junious and Mr. Richards are still seeing one another but both state that he has stopped spending nights at her residence since the last court hearing." Junious denied in this court that she and Richards are living together or that he spends nights at her apartment. Shailakia did not testify and the court did not speak with her in chambers.

The court expresses no opinion on non-married couples living together generally. The court does believe that in appropriate cases the fact that a

parent lives with someone in a romantic relationship who is not his or her spouse can be taken into consideration in determining custody. The evidence in this case, however, is not sufficient for such consideration to be given. While the evidence does raise a suspicion or even an inference that Richards has spent some nights with Junious, it is not sufficient to establish how many nights they spent together or when they occurred. It also does not establish that they live together now. In fact, as previously noted, both the home study report and Junious state that no cohabitation currently takes place. Thus, at most, this is a situation where after a parent was warned that her cohabitation might jeopardize her retaining custody of one of her children, she stopped that cohabitation. Custody will not be taken away from her for that. As already noted, however, the court is not convinced that even that took place. The evidence presented at the hearing in this court, including the home study prepared for juvenile court, is simply not sufficient to establish it.

For the reasons set out above, the court awards custody of Shailakia to Junious.