COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Annunziata and Bumgardner
Argued at Alexandria, Virginia


TERRY R. RYCHLIK

                                           MEMORANDUM OPINION[*]
V.   Record No. 0903-97-4                     PER CURIAM
                                           FEBRUARY 3, 1998
JEANETTE RIFFE


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Gerald Bruce Lee, Judge

          Stephen Andrew Armstrong for appellant.

          Raymond D. Kline for appellee.



     In this appeal Terry R. Rychlik (father) appeals the denial

of his petition for change of custody of his son.  Father

contends that the trial court abused its discretion in continuing

custody of the child with Jeanette Riffe (mother) and restricting

father's presentation of proof at trial.  We find no error and

affirm.

     On December 12, 1994, the Juvenile and Domestic Relations

District Court for the County of Fairfax awarded custody of the

child to mother.  Father subsequently filed a petition on July

25, 1996 in the juvenile and domestic relations district court,

alleging the child had been sexually abused by another child who

was cared for in the day care center the parties' child attended

and that the child suffered physical and mental abuse.  He

petitioned the court for sole custody, or, in the alternative,

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

increased visitation and a change in day care provider. The day care provider in question was the child's maternal grandmother. The petitions were denied.

Father appealed to the circuit court which found that father's allegations of abuse or neglect had "no evidentiary basis," that "the best interests of the child are served by maintaining the current custodial arrangement," and that "there has been no change of circumstances which would, when analyzed in conjunction with evaluation of what is in the best interests of the child, justify a change of custody." Father filed a Motion to Reconsider, which the court denied. In essence, father presents two issues for this Court to address, viz, whether the court abused its discretion in denying his petition for a change of custody and whether father's right to a fair trial was denied.

I.

Modification of Child Custody Order

A decision on whether to modify a child custody order is committed to the sound discretion of the trial court. Wilson v. Wilson, 18 Va. App. 193, 195, 442 S.E.2d 694, 696 (1994) (citing Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 11 (1986)). In assessing whether a change in custody is warranted, a trial court applies a two-pronged test: "(1) whether there has been a change of circumstances since the most recent custody award; and (2) whether such a change would be in the best interests of the child." Hughes v. Gentry, 18 Va. App.

2

318, 321, 443 S.E.2d 448, 450 (1994) (citing <u>Keel v. Keel</u>, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983)).  As the party seeking a modification of the child custody order, father bore "'the burden of proving, by a preponderance of the evidence, a material change in circumstances justifying a modification of the decree.'"  <u>Ohlen v. Shively</u>, 16 Va. App. 419, 423, 430 S.E.2d 559, 561 (1993) (quoting <u>Yohay v. Ryan</u>, 4 Va. App. 559, 565-66, 359 S.E.2d 320, 324 (1987)).  A trial court's determination of whether a change of circumstances exists and its evaluation of the best interests of the child will not be disturbed on appeal if the court's findings are supported by credible evidence. <u>Walker v. Fagg</u>, 11 Va. App. 581, 586, 400 S.E.2d 208, 211 (1991); <u>Visikides v. Derr</u>, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986) (citing <u>Moyer v. Moyer</u>, 206 Va. 899, 904, 147 S.E.2d 148, 152 (1966)).

Father first contends that the trial court ignored the evidence of sexual and physical abuse, consisting of testimony that abrasions, present on the child's anus, were consistent with digital penetration and that the child had bruises on his buttocks, and bruises and insect bites on his legs.  A statement from the child regarding the alleged sexual abuse was also admitted.

However, the evidence of sexual and physical abuse was inconclusive and in conflict.  The investigating police officer testified that he had fully investigated the allegations of

sexual abuse and had not found enough evidence to proceed. Two social workers testified that they had investigated the allegations of physical abuse and neglect arising from the bruises and bites, but dismissed the claims as unfounded. Mother presented testimony that the bruises and insect bites were not out of the ordinary for a child of such age. Finally, the court heard evidence that, at the time of trial, mother had transferred the child to a new day care provider. Viewing the evidence in the light most favorable to the mother, as we are required to do, see Wilson, 18 Va. App. at 194, 442 S.E.2d at 695 (citing Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)), and giving deference to the trial court's resolution of the conflicts in the evidence, see Bell Atlantic Network Servs. v. Virginia Employment Comm'n, 16 Va. App. 741, 746, 433 S.E.2d 30, 33 (1993), we find the trial court did not abuse its discretion in finding that neither sexual nor physical abuse had occurred.

After determining that no change in circumstances had occurred since the most recent custody order, the trial court found that a change in custody was not in the best interests of the child. Father contends on appeal that the court erred by basing its determination of the best interests of the child on a "tender years" presumption in favor of mother and that the error violated his right to due process. It is well established that the presumption that a child of tender years should be in the

4

care of his or her mother has been abolished in Virginia.  See Code § 31-15; Visikides, 3 Va. App. at 72, 348 S.E.2d at 42.  We find the trial court did not violate this principle.  In arriving at its conclusion, the trial court reviewed each of the statutory factors for determining the best interests of the child as outlined in Code § 20-124.3; indeed, we find the record "is replete with findings as to the enumerated factors."  Wilson, 18 Va. App. at 195, 442 S.E.2d at 696.  Furthermore, it contains no evidence whatsoever that the court relied on the tender years doctrine, and father does not cite any.

Finally, father argues that the court's custody ruling is internally inconsistent, contending that the court entered a ruling contrary to the trial court's own findings of fact that the child suffered a personality change.  The record fails to support this contention.  In its ruling from the bench, the court simply noted that "the father observed certain changes in his son's behavior in and around July 1996" which led the father to contact Child Protective Services regarding the allegations of sexual abuse.  The court made no specific finding that the child, in fact, suffered from a change of personality as father contends.

Accordingly, we find that the court acted within its discretion in determining that the best interests of the child were not served by a change in custody.

II.

5

## Presentation of Evidence

Father argues that the trial court abused its discretion by scheduling the trial six months after the judgment of the domestic relations court, and by only allotting three hours for the trial. Issues related to control of a court's docket are committed to the sound discretion of the court, and will not be reversed on appeal unless there is a showing of an abuse of discretion and prejudice to the party seeking a different trial date. See Mills v. Mills, 232 Va. 94, 96, 348 S.E.2d 250, 252 (1986) (citing Autry v. Bryan, 224 Va. 451, 454, 297 S.E.2d 690, 692 (1982)). We find father's claims to be without merit.

Father neither explains how the trial court abused its discretion in setting the trial date nor how he was prejudiced as a result of the trial date he was given. "'We will not search the record for errors in order to interpret [a party's] contention and correct deficiencies in a brief.'" Gottlieb v. Gottlieb, 19 Va. App. 77, 85-86, 448 S.E.2d 666, 671 (1994) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)).

Father's argument that he was prejudiced when he was confined to presenting his case in three hours is not supported by the record. Although father argues that the three hour trial prevented the court from considering his alternative claims, his petition to change day care provider was clearly moot, as mother had effected a satisfactory change of day care providers four

6

months prior to the trial.  Furthermore, father failed to raise the issue of increased visitation at trial and failed to address it in his Motion to Reconsider.  Father is thus barred from raising the issue on appeal.  Rule 5A:18.  Finally, at the close of his case, father's attorney stated, "That's all I have," and did not indicate at trial in any way that he needed additional time to present his case.  In short, we find the trial court did not abuse its discretion in limiting the presentation of evidence to three hours.  See Ohlen, 16 Va. App. at 422, 430 S.E.2d at 561 (finding no abuse of discretion in setting change of custody proceeding for motions day despite time constraints).

For the reasons stated in this opinion, we affirm the decision of the trial court.

Affirmed.

7