UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Chafin and Senior Judge Frank
Argued at Norfolk, Virginia


SCOT D. COOK

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0729-18-1                      JUDGE TERESA M. CHAFIN
                                                    NOVEMBER 6, 2018
JESSICA H. STEWART


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                          Everett A. Martin, Jr., Judge


              B. Clay Chick for appellant.

              (Linda J. Woods, on brief), for appellee.  Appellee submitting on
              brief.


       On February 14, 2018, the Circuit Court of the City of Norfolk ("circuit court") entered a

final decree of divorce dissolving the marriage of Scot D. Cook and Jessica H. Stewart.  The

decree modified a prior custody and visitation order pertaining to the parties' only child by

awarding sole legal and physical custody of the child to Stewart and reducing Cook's visitation.

On appeal, Cook argues that the circuit court erred by determining that a material change of

circumstances had occurred justifying a review of the prior custody and visitation order.  For the

following reasons, we affirm the circuit court's decision.

                                    I.  BACKGROUND

       "When reviewing a [circuit] court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).  As the parties are

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

The parties had one child together, E., born March 27, 2011. They separated on May 15, 2015. The Juvenile and Domestic Relations District Court of the City of Norfolk ("JDR court") entered an agreed order on February 29, 2016, granting the parties joint legal and physical custody of E. The order also established a visitation schedule.

During the parties' separation period, they had numerous disputes about the care of their child. Many of these disputes involved Cook's visitation with E. Stewart alleged that Cook would not comply with the visitation schedule, and Cook alleged that Stewart withheld visitation and otherwise obstructed his contact with E. The parties had difficulty communicating about E. in a civil manner.

On July 24, 2016, Cook went to Stewart's home and demanded visitation with E. When Stewart refused to let E. leave with Cook, Cook yelled at Stewart and insulted her in front of E. Cook told Stewart that she was a "homewrecker" who was "ruining the family [and] ruining E.'s life." Cook then grabbed E. and attempted to carry him out of the home "under his arm like a football." E. was only wearing underwear at the time. A physical altercation ensued between Cook and Stewart and ended when Stewart's teenage son from a prior relationship grabbed E. and took him away from Cook. While E. was not injured during the altercation, Stewart was bruised on her chest. E. was emotionally upset by the incident.

Cook was charged with misdemeanor assault and battery of a family member in violation of Code § 18.2-57.2 based on the July 24, 2016 altercation. The JDR court convicted Cook of the charged offense, and Cook appealed his conviction to the circuit court. On May 2, 2017, Cook pled guilty to the assault and battery offense. The circuit court concluded that the evidence

was sufficient to support Cook's conviction, but deferred the proceedings without entering an adjudication of guilt in the matter pursuant to Code § 18.2-57.3. As a condition of the deferral, Cook was prohibited from having any hostile contact with Stewart. He was also required to complete an anger management program. If Cook complied with the conditions of the deferral, the criminal proceedings against him were to be dismissed without an adjudication of guilt on May 7, 2019.

The parties continued to have problems concerning Cook's visitation with E. following the July 24, 2016 altercation. Cook frequently came to Stewart's home and demanded visitation with E. During these incidents, Cook yelled at Stewart and E., rang the doorbell to Stewart's home repeatedly, and knocked on windows and doors to the home. Cook forced his way into Stewart's home on several occasions. On other occasions, Cook parked his truck in Stewart's driveway or on the street near her home and sat in the truck for hours. At the JDR court hearing regarding Cook's assault and battery charge, Cook confronted a witness outside of the courtroom while she was supervising E. Cook "went off" and yelled at the witness, and police officers at the courthouse were concerned for her safety.

The circuit court held hearings in the parties' divorce case on August 8, 2017, and September 27, 2017.[1] Stewart requested the circuit court to modify the February 29, 2016 custody order and award her sole legal and physical custody of E. Cook also requested the circuit court to review the prior custody order.

When Stewart's son attempted to testify about the July 24, 2016 altercation between Cook and Stewart, Cook objected to his testimony. Cook argued that Stewart's son should not be allowed to testify about the altercation because Cook had pled guilty to the assault and battery

---

[1] Although the transcripts of these hearings were not included in the appendix filed in this case, they are contained in the record, and therefore, may be considered by this Court on appeal. See Rule 5A:25(h).

- 3 -

charge based on the incident and he was "under the control of the two-year advisement protocols for this particular kind of event." The circuit court overruled Cook's objection, stating, "I think his plea is admissible as an admission. The parties are allowed to explain what happened. Assaults can range in severity from minimal to severe." Stewart's son and other witnesses then testified about the July 24, 2016 altercation.

On October 31, 2017, the circuit court issued an opinion letter modifying the February 29, 2016 custody order. The circuit court concluded that a material change of circumstances had occurred since the entry of the prior order, specifically "[Cook's] battery of [Stewart] in [E.'s] presence." The circuit court explained that it was greatly concerned by Cook's "temper and behavior" and cited several instances in which Cook acted inappropriately regarding E. The circuit court also noted Cook's apparent "ill temper" during the circuit court proceedings. The circuit court concluded that it was in the best interests of E. to place him in the sole legal and physical custody of Stewart and reduce Cook's visitation.

The circuit court entered a final decree of divorce setting forth its custody and visitation decision on February 14, 2018. Cook objected to the order, arguing that the circuit court erred by basing its decision to modify custody and visitation on his guilty plea to the assault and battery charge. This appeal followed.

## II. ANALYSIS

On appeal, Cook contends that the circuit court erred by determining that a material change of circumstances had occurred based on his "plea under [Code §] 18.2-57.3." Pursuant to that statute, Cook maintains that his assault and battery charge would be dismissed if he complied with certain conditions. Therefore, Cook argues that his guilty plea to the assault and battery charge was a "nullity" that could not be considered by the circuit court in the custody proceedings. Moreover, Cook claims that the consideration of his guilty plea would unfairly

penalize him for criminal proceedings that may ultimately be dismissed. Cook's argument is without merit.

A. THE CIRCUIT COURT DID NOT ERR BY DETERMINING THAT COOK'S CONDUCT ESTABLISHED A MATERIAL CHANGE OF CIRCUMSTANCES

Assuming without deciding that the circuit court was required to determine that a material change of circumstances had occurred before it modified the prior custody order, see Peple v. Peple, 5 Va. App. 414, 421, 364 S.E.2d 232, 236-37 (1998), the circuit court did not err by concluding that a material change of circumstances had occurred in the present case. "'Changed circumstances' is a broad concept and incorporates a broad range of positive and negative developments in the lives of children." Sullivan v. Jones, 42 Va. App. 794, 806, 595 S.E.2d 36, 42 (2004) (quoting Parish v. Spaulding, 26 Va. App. 566, 573, 496 S.E.2d 91, 94 (1998)). "Whether a change in circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Id. (quoting Ohlen v. Shively, 16 Va. App. 419, 423, 430 S.E.2d 559, 561 (1993)).

Cook's appellate argument is based on a flawed factual premise. Cook contends that the circuit court determined that a material change of circumstances had occurred based on his guilty plea to the assault and battery charge. The circuit court, however, expressly concluded that a material change of circumstances had occurred based on "[Cook's] battery of [Stewart] in [E.'s] presence." Thus, the circuit court determined that a material change of circumstances had occurred based on the actions underlying Cook's guilty plea rather than the guilty plea itself.

In pertinent part, Code § 18.2-57.3 states, "Upon fulfillment of the terms and conditions specified in the court order, the court shall discharge the person and dismiss the proceedings against him." Code § 18.2-57.3(E). Nothing in Code § 18.2-57.3 prevented the circuit court from considering the actions underlying Cook's guilty plea. While the criminal proceedings against Cook were deferred pursuant to Code § 18.2-57.3, this deferral did not shield Cook's

criminal conduct from consideration in a case involving the custody of his child. Although Cook's assault and battery charge may ultimately be dismissed, he is not immune from all of the negative consequences resulting from his actions.

The events underlying the July 24, 2016 altercation between Cook and Stewart were highly relevant to the present proceedings. Code § 20-124.3 requires a court to consider "[a]ny history of family abuse" when determining the bests interests of a child in the context of custody or visitation proceedings. See Code § 20-124.3(9); Surles v. Mayer, 48 Va. App. 146, 173, 628 S.E.2d 563, 576 (2006). Construing Code § 18.2-57.3 in a manner that would prohibit the circuit court from considering the actions underlying Cook's guilty plea would prevent the circuit court from considering the statutory criteria set forth in Code § 20-124.3, and in turn, from considering evidence pertinent to the best interests of E. See generally Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990) ("In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child.").

In the present case, Cook assaulted Stewart during a dispute over visitation. E. was present during the altercation, and Cook physically grabbed him and tried to carry him away from Stewart's home. The July 24, 2016 altercation demonstrated that Cook could not peacefully comply with the prior custody and visitation order. It also showed that Cook exercised poor judgment regarding E. by involving him in the altercation.

Additional evidence established that Cook's aggressive behavior was not an isolated incident. Cook forced his way into Stewart's home on several occasions following the July 24, 2016 altercation. He also yelled at Stewart and E., repeatedly knocked on the door and windows of Stewart's home, and sat in his truck outside of Stewart's home for hours at a time. Furthermore, he intimidated a witness at a prior JDR court proceeding and showed "ill temper" when he testified before the circuit court.

Regardless of whether Cook's assault and battery charge is ultimately dismissed, we conclude that his conduct demonstrated that he could not control his behavior in matters involving the custody of E. Therefore, the circuit court did not err by determining that Cook's conduct constituted a material change of circumstances justifying a review of the February 29, 2016 custody order.[2]

## B. STEWART'S REQUEST FOR APPELLATE ATTORNEY'S FEES

Stewart requests this Court to award her the attorney's fees that she incurred in connection with this appeal. "The decision of whether to award attorney's fees . . . incurred on appeal is discretionary." Friedman v. Smith, 68 Va. App. 529, 545, 810 S.E.2d 912, 919-20 (2018); see also Rule 5A:30(b). In determining whether to award appellate attorney's fees to a party, we consider a number of factors, including "whether the requesting party prevailed, whether the appeal was frivolous, whether either party generated unnecessary expense or delay in pursuit of its interests, as well as 'all the equities of the case.'" Friedman, 68 Va. App. at 546, 810 S.E.2d at 920 (quoting Rule 5A:30(b)(3)-(4)); see also O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). We conclude that an award of appellate attorney's fees is not warranted under the present circumstances. Therefore, we deny Stewart's request.

---

[2] Although the circuit court concluded that a material change of circumstances had occurred based on the July 24, 2016 altercation between Cook and Stewart, we note that additional evidence presented in this case may have established a material change of circumstances based on different grounds. Cook lost his job after the February 29, 2016 custody order was entered, and he was voluntarily unemployed at the time of the circuit court hearings. E. was also retained in kindergarten due to his failure to reach certain educational benchmarks and excessive absences. Many of E.'s absences occurred because Cook failed to take him to school on the days following his visitation.

## III.  CONCLUSION

For the reasons stated, we conclude that the circuit court did not err by determining that a material change of circumstances had occurred justifying a review of the February 29, 2016 custody order.  Accordingly, we affirm the circuit court's decision.

<u>Affirmed.</u>