COURT OF APPEALS OF VIRGINIA

Present: Judges Chafin, Malveaux and Senior Judge Haley

UNPUBLISHED

SILVIA MUNOZ, F/K/A
  SILVIA MUNOZ QUINONES

                                         MEMORANDUM OPINION*
v.      Record No. 1834-18-4                    PER CURIAM
                                               APRIL 2, 2019

ALVARO QUINONES

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stephen C. Shannon, Judge

(Silvia Munoz, on brief), *pro se*.

No brief for appellee.

Silvia Munoz (mother) appeals a custody and visitation order. Mother argues that the circuit court erred by (1) finding that there was a material change in circumstances; (2) placing the burden of proving the material change in circumstances on mother; (3) considering erroneous facts that were not supported by the evidence; (4) not finding that Alvaro Quinones (father) lacked credibility; (5) ignoring mother's evidence relevant to the best interests of the children; (6) not reconsidering its ruling based on new evidence presented in mother's motion to reconsider; and (7) not considering the parties' financial information in its award of attorney's fees. Upon reviewing the record and the opening brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the circuit court. See Rule 5A:27.

BACKGROUND

"On appeal, we view the evidence in the light most favorable to . . . the party prevailing below." D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 335 (2005).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties were married in 2000, and two children were born during the marriage. In May 2012, the parties entered into a property settlement agreement (PSA) and agreed that they would share joint legal custody of the children. The parties further established a custody schedule, which included overnight visitation for father. On March 27, 2013, the circuit court affirmed, ratified, and incorporated the parties' PSA into the final decree of divorce.

In April 2016, mother filed a motion to modify father's visitation. On July 14, 2016, the circuit court entered an order modifying father's visitation and ordered that father would not have overnight visitation with the children.

In March 2017, mother filed another motion to modify custody and visitation and asserted that it was in the best interests of the children for them to relocate with her to Colombia, where she had family. Three days before the trial on mother's motion, she non-suited the matter.

In 2018, father filed a motion and an amended motion to modify visitation. He requested overnight and holiday visitation with the children, as well as clarification of the July 14, 2016 order. Mother also filed a motion to modify custody and visitation. She requested sole legal custody and permission to travel with the children to Colombia for five weeks each year. She also sought to reduce father's visitation time with the children.

On July 25 and 26, 2018, the parties appeared before the circuit court for a hearing on custody and visitation. After hearing the evidence and argument, the circuit court found that there was a material change in circumstances since the July 2016 order, namely that father's residence now allowed for the children to have their own bedroom and bathroom. Then, the circuit court reviewed the Code § 20-124.3 factors with the parties. The circuit court granted father's motions and ordered that father could have overnight visits with the children on weekends, holidays, and summer break, consistent with the visitation in the PSA and final decree of divorce. The circuit court denied mother's motion to modify custody and visitation, including

her request to take the children to Colombia for five weeks. The circuit court awarded father $7,500 for his attorney's fees. The circuit court entered an order memorializing its rulings on September 14, 2018. Mother filed a motion to reconsider and a motion to stay, which the circuit court denied. This appeal followed.

## ANALYSIS

"A trial court's determination with regard to visitation is reversible only upon a showing that the court abused its discretion." Stadter v. Siperko, 52 Va. App. 81, 88 (2008).

*Material change in circumstances*

Mother argues that the circuit court erred in finding that there had been a material change in circumstances since the July 2016 order. She asserts that the circuit court did not have all of the information surrounding the cancellation of father's overnight visits in 2016.

"When a party has filed a petition to modify an existing visitation order, the courts must apply the Supreme Court's two-pronged test enunciated in Keel v. Keel, 225 Va. 606 (1983), to determine whether modification of that order is proper." Rhodes v. Lang, 66 Va. App. 702, 709 (2016). "That test asks, 'first, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the children.'" Id. (quoting Keel, 225 Va. at 611). "Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Denise v. Tencer, 46 Va. App. 372, 395 (2005) (quoting Ohlen v. Shively, 16 Va. App. 419, 423 (1993)).

Father testified that since the July 2016 order, he had renovated the basement in his house and now had a bedroom for the children to sleep overnight at his house. He presented photographs of the bedroom and the renovations. When mother argued to the circuit court that father's living situation was not the only reason that father's overnight visits were cancelled in

2016, the circuit court noted that mother did not object to father's testimony that the renovation was the change.[1]

Mother, however, had an opportunity to present her evidence about the material change in circumstances when she testified in support of her motion to modify custody and visitation.[2] She testified about father's alcohol consumption on social occasions and argued that it affected his time with the children. She also alleged that the children appeared "happier and [felt] more confident and stable" when they spent the night at her house.

The circuit court rejected mother's arguments about the material change in circumstances. Based on the record, the circuit court did not err in finding that the renovation of father's home, which provided private sleeping and bathroom facilities, was a material change in circumstances that warranted a modification of his visitation with the children.

*Witness credibility*

Mother argues that the circuit court erred by considering certain facts and testimony that father presented, which she contends was false. She also asserts that the circuit court ignored some of her evidence regarding the best interests of the children.

The circuit court had an opportunity to see and hear the witnesses. When it issued its ruling from the bench, the circuit court stated that it "fully considered the testimony of the witnesses" and "made determinations as to their credibility." "It is well established that the trier

---

[1] Mother did object when father tried to argue that mother's move to a new house was another change in circumstances. The circuit court did not allow father to present evidence about mother's change of address because he did not disclose it in discovery.

[2] Contrary to mother's arguments in her second assignment of error, the circuit court did not err by placing the burden on her to present a material change of circumstances because she also had filed a motion to modify custody and visitation. See Denise, 46 Va. App. at 396 (the party seeking to modify custody and visitation has the burden of proving that a material change in circumstances occurred since the entry of the last order). Therefore, mother had to present evidence about what she perceived had changed since the entry of the July 2016 order.

of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has discretion to accept or reject any of the witness' testimony." Layman v. Layman, 62 Va. App. 134, 137 (2013) (quoting Street v. Street, 25 Va. App. 380, 387 (1997) (*en banc*)). "This Court is bound by the credibility findings of the circuit court." Tackett v. Arlington Cty. Dep't of Human Servs., 62 Va. App. 296, 339 (2013).

Contrary to mother's assertions, the record supports the circuit court's findings and its ruling allowing overnight visitation to father.

*New evidence*

Mother argues that the circuit court erred by not reconsidering its ruling based on new evidence that she presented in her motion to reconsider. In her motion, mother alleged that after the hearing, the children struggled with the change in visitation and that father was being manipulative.[3]

"Motions to reopen an evidentiary record or to reconsider a prior ruling involve matters wholly in the discretion of the trial court." Thomas v. Commonwealth, 62 Va. App. 104, 109 (2013); see also Winston v. Commonwealth, 268 Va. 564, 620 (2004) ("We review a trial court's denial of a motion to reconsider for an abuse of discretion.").

Based on the record, we find that the circuit court did not abuse its discretion in denying mother's motion to reconsider.

*Rule 5A:18*

For the first time on appeal, mother argues that the circuit court did not consider the parties' financial information when it awarded $7,500 to father for attorney's fees.

---

[3] We will not consider mother's additional arguments in her opening brief, which were not presented to the circuit court. See Rule 5A:18; Tackett, 62 Va. App. at 315.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Tackett, 62 Va. App. at 315 (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308 (1998)). "One of the tenets of Virginia's jurisprudence is that trial counsel must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review."  Perry v. Commonwealth, 58 Va. App. 655, 666 (2011).  "The purpose of Rule 5A:18 is 'to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.'"  Friedman v. Smith, 68 Va. App. 529, 544 (2018) (quoting Andrews v. Commonwealth, 37 Va. App. 479, 493 (2002)).

Accordingly, we will not consider mother's arguments regarding the award of attorney's fees.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.