COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, O'Brien and Raphael
Argued by videoconference


DAVID LAMBERTI BOTOS

MEMORANDUM OPINION[*] BY
v.      Record No. 1015-21-3       JUDGE MARY GRACE O'BRIEN
APRIL 19, 2022

KARA SHANNON BURCHINAL BOTOS


FROM THE CIRCUIT COURT OF THE CITY OF SALEM
Charles N. Dorsey, Judge

David L. Botos, *pro se*.

Victor S. Skaff, III (Kathleen T. Allen; Glenn Robinson Cathey
Memmer & Skaff PLC, on brief), for appellee.


David Lamberti Botos (father), *pro se*, appeals the circuit court's order denying his requests to modify his child support obligation and custody arrangements.  In his ten assignments of error, father contends that the judge erred by failing to recuse himself, reduce father's child support obligation, alter the current child support and custody order, punish mother's alleged perjury, make written findings of fact, and timely file its "Corrected Statement of Facts" for this appeal.  Although we cannot consider the "Corrected Statement of Facts," we otherwise find no error in the court's decisions and affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"On appeal, we review the evidence in the light most favorable to the mother, the prevailing party below, granting to her all reasonable inferences fairly deducible therefrom." *Albert v. Ramirez*, 45 Va. App. 799, 803 (2005).

Father and Kara Shannon Burchinal Botos (mother) are parents of two minor children. On August 2, 2019, the circuit court ordered the parents to share joint legal custody of the children and father to pay monthly child support of $1,063.84 in accordance with the statutory guidelines. In addition, the court granted mother primary physical custody of the children, established a visitation schedule, set a location for visitation exchanges, and prohibited the parents from having overnight guests of the opposite sex who were not related by blood or marriage while the children were in their custody. The court transferred all future matters concerning custody, visitation, and child support to the juvenile and domestic relations district court (the JDR court).[2]

On November 23, 2020, father filed a "Motion and Notice of Proposed Income Deduction Order for Support" in the JDR court. Father subsequently filed a "Motion to Amend Order" requesting that the JDR court reduce his child support payments, allow each parent to claim one child on their taxes each year, and change the location where the parents would exchange the children. Father's motion also requested that the JDR court amend the circuit court's August 2,

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

[2] The August 2, 2019 order was summarily affirmed by this Court on July 21, 2020. *See Botos v. Botos*, No. 0217-20-3 (Va. Ct. App. July 21, 2020).

2019 order to allow guests of the opposite sex to stay overnight at the parent's home while their children are present and grant the parties equal physical custody of the children.

Following a hearing, the JDR court entered an order denying father's requests to reduce child support, change the custody-exchange location, and claim one of the children's tax exemptions. The JDR court's order did not address father's requests regarding equal custody or overnight guests. Father appealed the JDR court's order to the circuit court.

Before trial, father filed a motion for recusal, asserting that the judge had displayed a "lack of impartiality and bias/prejudice" during the parties' prior divorce proceedings that would "likely continue in these custody and support matters." The judge denied the motion, and the parties proceeded to trial on August 12, 2021.

At the conclusion of the case, father submitted a written closing argument stating that a material change in circumstances had occurred since the entry of the August 2, 2019 order because his children had "aged significantly." Father further argued that the court should modify the August 2, 2019 order in the following ways: (1) allow each party to claim a child's tax exemption; (2) strike the prohibition against overnight guests of the opposite sex when the children are present, because neither party presented evidence of such guests prior to the entry of the August 2, 2019 order; (3) change the current custody-exchange location, because it violated his constitutional rights; (4) grant him equal physical custody of the children, because the current arrangement violated his constitutional rights; and (5) reduce his monthly child support obligation to $200, in part because the oldest child no longer needed daycare.

On August 24, 2021, the court entered a final order denying all of father's requested relief. As to father's request to alter the tax implications of the current child support award, the court declined to exercise its discretion under Code § 20-108.1(E) to order the parties to execute tax forms "based on the evidence, facts, and circumstances of this case." The court further declined to change

the custody-exchange location or reimburse father's transportation costs, noting that the presumption found in Code § 20-108.1(B) had not been rebutted. The court also denied father's request that one child be removed from daycare, but it permitted father to petition the JDR court regarding that issue after January 1, 2022. Finally, the court denied all remaining issues on a combination of alternate grounds, finding that the issues had not been properly appealed and that father had not proved a material change in circumstances.

The trial was not transcribed, but father submitted a proposed statement of facts in lieu of a transcript on October 13, 2021, and mother filed objections on October 28, 2021. Pursuant to Rule 5A:8(d), the court was required to rule on the objections within ten days and also had authority to issue a corrected statement while the record remained in the clerk's office. However, the court took no action before the clerk transmitted the record to this Court on November 16, 2021. On November 24, 2021, the clerk transmitted a record addendum containing a "Corrected Statement of Facts" signed by the court on November 22, 2021.

## ANALYSIS

Father claims that the court erred on ten grounds. He contends that the judge erred by (1) failing to recuse himself based on bias; (2) not timely issuing the "Corrected Statement of Facts"; (3) not reducing the child support award based on the actual tax consequences of child care costs; (4) not changing the custody-exchange location or ordering that mother reimburse him for past travel; (5) not reducing the child support award due to reduced child care costs; (6) finding that certain issues were not properly appealed; (7) failing to make written findings regarding the children's best interests under Code § 20-124.3; (8) refusing to grant him equal custody of the children; (9) failing to "punish [mother's] perjury"; and (10) failing to strike the prohibition against guests of the opposite sex when the children are present.

## A. Recusal
### Assignment of Error One

Father argues that the judge was biased against him and therefore erred in denying the motion for recusal. "In considering a motion for recusal, a judge must exercise reasonable discretion in determining whether he or she possesses such bias or prejudice that would deny a litigant a fair trial." *Wilson v. Commonwealth*, 272 Va. 19, 28 (2006). Appellate courts "employ an abuse-of-discretion standard to review recusal decisions." *Prieto v. Commonwealth*, 283 Va. 149, 163 (2012). "[T]he party moving for recusal of a judge has the burden of proving the judge's bias or prejudice." *Commonwealth v. Jackson*, 267 Va. 226, 229 (2004). "In the absence of proof of actual bias, recusal is properly within the discretion of the trial judge." *Id.*

To support his allegation of bias, father claims that the judge, when presiding over the parties' prior divorce proceedings, made "written false statements" concerning mother's contributions to father's mortgage and awarded mother an "arbitrarily-estimated sum" of $10,000 in attorney fees.[3] However, father's argument is not supported by the record, which does not include the judge's written statements, evidence of their alleged falsity, or the attorney-fee award from that prior proceeding.[4] Moreover, the mere fact that the judge had previously ruled against father in favor of mother is insufficient to prove the judge's alleged bias. *See Deahl v. Winchester Dep't of Soc. Servs.*, 224 Va. 664, 672-73 (1983) ("Merely because a trial judge is familiar with a party and his legal difficulties through prior judicial hearings . . . does not automatically or inferentially raise

---

[3] On November 9, 2021, in an appeal of the parties' divorce and equitable distribution proceedings, this Court held that the judge did not abuse his discretion in rejecting father's claims regarding the mortgage contributions or by awarding mother $10,000 in attorney fees. *See Botos v. Botos*, No. 0385-21-3 (Va. Ct. App. Nov. 9, 2021).

[4] Father's underlying motion for recusal purports to include statements from an opinion authored by the judge. However, that opinion is not included in the record for this case, and there is no evidence that the quoted statements were made or were false. Rather, father's motion merely labels the statements as "unfounded," "false," or "untrue."

the issue of bias." (alteration in original) (quoting *Barry v. Sigler*, 373 F.2d 835, 836 (8th Cir. 1967))); *see also Justus v. Commonwealth*, 222 Va. 667, 672-74 (1981) (finding no abuse of discretion when a judge retried a defendant following the reversal of a capital murder conviction, as "the record fail[ed] to reveal any evidence of judicial prejudice"). Based on the record before us, we hold that the judge did not abuse his discretion in denying father's motion for recusal.

### B. *"Corrected Statement of Facts"*
### *Assignment of Error Two*

Father argues that the "Corrected Statement of Facts" is not properly before this Court because the circuit court failed to make the corrections and sign it within the time constraints set forth in Rule 5A:8(d).

Rule 5A:8(d) provides that, within ten days after a party objects to a written statement of facts, the court is required to "(1) overrule the objection; or (2) make any corrections that the trial judge deems necessary; or (3) include any accurate additions to make the record complete; or (4) certify the manner in which the record is incomplete; and (5) sign the . . . written statement." The rule further provides that "[a]t any time *while the record remains in the office of the clerk of the trial court*, the trial judge may, after notice to counsel and hearing, correct the . . . written statement." Rule 5A:8(d) (emphasis added).

Here, father filed a proposed statement of facts in lieu of a transcript on October 13, 2021, and mother filed objections on October 28, 2021. However, the court took no action, and the clerk transmitted the record to this Court on November 16, 2021.

On November 24, 2021, the clerk transmitted a record addendum containing a "Corrected Statement of Facts" signed by the court on November 22, 2021. However, because the court did not take this action while the record remained in the clerk's office, this filing does not comply with Rule 5A:8(d). *See Granado v. Commonwealth*, 292 Va. 402, 409 (2016) (recognizing that a court's "correction power" under Rule 5A:8(d) is limited to when the record "remains in the

- 6 -

office of the clerk"). Therefore, the "Corrected Statement of Facts" is not part of the record properly before us on appeal, and we do not consider it. Additionally, we note that father's proposed statement of facts was never signed by the court and therefore cannot be "considered as an authoritative account of the events at trial in lieu of a transcript." *Id.* at 408.

### C. Child Support and Custody
### Assignments of Error Three, Four, and Five

In assignments of error three, four, and five, father argues that the court erred by not factoring "actual tax consequences" into the calculation of child care costs, altering the custody-exchange transportation provisions, and reducing the child support award.[5] "Once a child support award has been entered, only a showing of a material change in circumstances will justify modification of the support award." *Milam v. Milam*, 65 Va. App. 439, 452 (2015) (quoting *Crabtree v. Crabtree*, 17 Va. App. 81, 88 (1993)). Similarly, a party requesting modification of a preexisting custody order must also first show that there "has been a [material] change in circumstances since the most recent custody award." *Surles v. Mayer*, 48 Va. App. 146, 171 (2006) (alteration in original) (quoting *Ohlen v. Shively*, 16 Va. App. 419, 423 (1993)). Whether to modify child support or custody is a matter of discretion for the circuit court, and we will not disturb its judgment on appeal unless plainly wrong or unsupported by the evidence. *See Milam*, 65 Va. App. at 451; *Hughes v. Gentry*, 18 Va. App. 318, 322 (1994).

Father alleges two material changes in circumstances since the August 2, 2019 order. First, father argues that his children are older, noting that one has entered middle school and the other is now in elementary school. However, nothing in the record demonstrates that the aging of the

---

[5] Father also argues that the current custody-exchange location and child support award are unconstitutional. As the court found that father failed to prove a material change in circumstances warranting his requested modifications, these arguments are barred by *res judicata*. *See Sullivan v. Knick*, 38 Va. App. 773, 782 (2002) ("In the absence of a material change in circumstances, reconsideration . . . would be barred by principles of *res judicata*." (alteration in original) (quoting *Hiner v. Hadeed*, 15 Va. App. 575, 580 (1993))).

children has impacted father's obligations under the current award. Second, father argues that his monthly payments for the children's medical and dental insurance have increased by approximately twenty dollars. Considering the record before us, we hold that the court's finding that father did not prove a material change in circumstances was not plainly wrong or unsupported by the evidence. Accordingly, the court did not err by not reducing the child support award or modifying the custody order.

### D. Failure to Appeal
### Assignments of Error Six, Eight, and Ten

In assignment of error six, father contends the court erred in finding that he had not appealed the JDR court's denial of his requests for equal physical custody and to strike the prohibition against overnight guests in the August 2, 2019 order. In assignments of error eight and ten, father argues that the court erred by refusing to grant these requested modifications.

In support of his argument that he properly appealed the JDR court's rulings on these issues, father cites to a "Notice of Appeal" from the JDR court that was not marked as received by the circuit court clerk's office. Assuming without deciding that father properly preserved these arguments, we find that it is not clear whether father appealed these rulings from the JDR court. The only JDR order in the record does not rule on these issues but instead addresses child support and father's requests to change the custody-exchange location and to claim one of the children's tax exemptions.

Furthermore, although the parties' written closing statements indicate that these custody and visitation issues—including whether they were properly appealed—were raised at trial, the record does not include a transcript or certified statement of facts. "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)).

*See also* Rule 5A:8(b)(4)(ii). Because father failed to provide a record to substantiate his claims, we do not consider these assignments of error.

*E. Written Findings*
*Assignment of Error Seven*

Father contends that the court erred by not making written findings pursuant to Code § 20-124.3, which lists ten factors a judge must consider "[i]n determining best interests of a child for purposes of determining custody or visitation arrangements." The statute further provides that "[t]he judge shall communicate to the parties the basis of the decision either orally or in writing" which "shall set forth the judge's findings regarding the relevant factors set forth in this section." Code § 20-124.3. In this case, the court found that the communication required by Code § 20-124.3 was unnecessary because "no change is being made to any custody or visitation arrangements between the parties." Upon *de novo* review of the court's statutory interpretation, *see Surles*, 48 Va. App. at 162, we agree and affirm.

In determining if a change in custody is appropriate, the court must apply a two-pronged test. *Id.* at 170-71. First, the court must determine "whether there has been a [material] change in circumstances since the most recent custody award." *Id.* at 171 (alteration in original) (quoting *Ohlen*, 16 Va. App. at 423). If so, the court "must next determine 'whether a change in custody would be in the best interests of the child.'" *Id.* (quoting *Ohlen*, 16 Va. App. at 423). Because the court did not err in finding that father failed to prove a material change in circumstances, it was not required to consider whether a change in custody would be in the best interests of the children, and it did not need to evaluate the Code § 20-124.3 factors.

### F. Mother's Alleged Perjury
#### Assignment of Error Nine

Father contends that the court "failed to acknowledge and punish [mother's] perjury." The record shows that father first requested that mother be "prosecuted and punished for perjury" in a written objection filed two days after the entry of the final order. Father did not timely raise his argument and give the court an opportunity to rule on his request. *See* Rule 5A:18. "The purpose of Rule 5A:18 is 'to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.'" *Friedman v. Smith*, 68 Va. App. 529, 544 (2018) (quoting *Andrews v. Commonwealth*, 37 Va. App. 479, 493 (2002)). Moreover, "[b]ecause the record does not show that the trial court ruled on appellant's argument, there is no ruling of the trial court for this Court to review on appeal." *Duva v. Duva*, 55 Va. App. 286, 299 (2009).

### G. Mother's Request for Attorney Fees

Mother requests attorney fees associated with this appeal. *See O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." *Alwan v. Alwan*, 70 Va. App. 599, 613 (2019) (quoting *Friedman*, 68 Va. App. at 545); *see* Rule 5A:30(b). Having reviewed and considered the record in this case, we hold that mother is entitled to an award of reasonable appellate attorney fees, and we remand for a determination of that amount. *See* Rule 5A:30(b)(4).

### CONCLUSION

Although we do not consider the court's "Corrected Statement of Facts," we otherwise affirm the judgment below. We remand this case solely for a determination and award of the appropriate appellate attorney fees, including any additional attorney fees incurred at the remand hearing.

*Affirmed and remanded.*